Bergan, J.
Plaintiff is a painter. Defendant hired him to paint the outside of his frame dwelling house. Plaintiff testified he agreed to paint “ the outside ” of the house, the ‘ wooden frame * * the border, the window frame, and the doorways ”. He was to be paid at an hourly rate.
*262 Defendant furnished a ladder on which a rung broke while plaintiff was using it. Plaintiff testified: “ It looked like about six inches broke off, and it was like an old crack in it. ’ ’ Plaintiff was injured.
This action based on section 240 of the Labor Law and on common-law negligence was dismissed at the end of plaintiff’s case, and the Appellate Division has affirmed by a divided court.
The proof brings the case literally within the language of section 240 of the Labor Law. The question is whether prior decisions of this court have removed the owner of a household from the operation of the statute where he hires a painter to repaint the outside of his house. It was on a reading of some of these cases that the Appellate Division decided that the statute does not apply here.
Although article 10 of the Labor Law, which includes section 240, is headed ‘ ‘ Building Construction, Demolition and Repair Work ” the language of the section itself plainly is not limited to construction or demolition. And “repair work”, to the extent the term may have any effect on the operation of section 240, must be read as including painting. By accepted canons of construction the generalities of the article heading must yield to the specifics of the section itself.
The pertinent direction of the language of section 240 for the purposes of the present case is that 11 A person employing * * * another to perform labor of any kind in the * * * painting * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed * # * as to give proper protection to a person so employed ”.
Unless there is judicial construction plainly pointing the other way, there can be little doubt that this language fits exactly the situation in the present case, i.e., plaintiff was hired by defendant to paint a building and was given a ladder which did not afford “ proper protection ”.
The two cases most heavily relied on for a construction to exclude the application of the statute are Kluttz v. Citron (2 N Y 2d 379) and Connors v. Boorstein (4 N Y 2d 172). In Kluttz the majority stressed the stipulation that plaintiff there was an independent contractor (p. 383) but it is clear from the opinion that this was not there decisive and in any event Koenig v. Patrick *263 Constr. Corp. (298 N. Y. 313) plainly holds that the statute would apply to a workman who also is an independent contractor.
The decisive circumstance in Klutts was that the plaintiff had a choice of two ladders and himself altered the one that caused the accident. It is not a decision which can reasonably lead to a dismissal of the complaint under the facts now before the court.
In Connors v. Boorstein ( 4 N Y 2d 172, supra) the court held that section 240 did not cover a domestic cleaning the outside of a window as part of a household task. The term “ cleaning ”, as used in section 240, was read as incidental to building construction, demolition and repair work and ‘6 not to the cleaning of the windows of a private dwelling by a domestic ” (p. 175).
This limitation on the .statute expressed in Connors should apply only to truly domestic situations. The painting of the outside of a house by a painter is surely not that. It comes precisely. within the term ‘1 painting * * * of a building ” and if plain meaning is given to plain language this plaintiff must come within the protection of the statute.
In Koenig v. Patrick Constr. Corp. (298 N. Y. 313, supra), which is the leading case in the construction of section 240, Judge Fuld’s -opinion deals both with the elimination of contributory negligence in a case arising under the statute; and with the legislative purpose to protect workers in these prescribed situations.
Speaking of the safe-ladder provision of section 240, Judge Fuld wrote (p. 318): “By its force, certain safeguards have been legislatively commanded for the safety of those engaging in the work described. Instead of simply defining the general standard of care required and then providing that violation of that standard evidences negligence, the legislature imposed upon employers or those directing the particular work to be done, a flat and unvarying duty. * * * For breach of that duty, thus absolutely imposed, the wrongdoer is rendered liable without regard to his care or lack of it.”
Nothing decided in Mendes v. Caristo Constr. Corp. (5 A D 2d 268, affd. 6 N Y 2d 729), which turned on the fact the sling which broke was not furnished by defendant, would lead to a different result. Although the ruling that common-law negli *264 gence is not established is correct, a prima facie case of liability under the statute is shown.
The order should be reversed and a new trial ordered, with costs to abide the event.