(August 23, 1990)

■ Michael Piecyk, Respondent, v Otis Elevator Company, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order of Supreme Court, Bronx County (Barry Salman, J.), entered June 12, 1989, which denied defendant's motion, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's complaint, is unanimously affirmed, without costs.

Defendant failed to establish entitlement to summary judg-

ment, as a matter of law, in this personal injury action. Plaintiff, an employee of third-party defendant, The Mount Sinai Hospital, was dispatched by the hospital to repair an elevator, which was in the normal course of his job duties. During the course of said repairs, plaintiff was injured.

Defendant was contractually obligated to maintain the elevators at the hospital. Plaintiff alleged that defendant's negligence was the proximate cause of his injuries.

Defendant's reliance upon *Mullin v Genesee County Elec. Light, Power & Gas Co.* (202 NY 275) and *Kowalsky v Conreco Co.* (264 NY 125) is misplaced. Those cases provide, as an exception to the general rule that an employer is obligated to provide an employee with a safe place to work, that an employee cannot recover for injuries received while doing an act to *eliminate* a dangerous condition which creates a risk of injury. *(Kowalsky v Conreco Co., supra,* at 128; *Mullin v Genesee County Elec. Light, Power & Gas Co., supra,* at 279.) Those cases and their progeny do not apply to the instant facts, since plaintiff was not dispatched as an employee of defendant to repair the defective elevator. He did so on behalf of his employer, the hospital. Thus, the "safe place to work" common-law rule, codified to an extent in Labor Law § 200, does serve as a bar to the instant action. *(Gasper v Ford Motor Co.,* 13 NY2d 104.) Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.