■ SALVATORE D'AMICO et al., Appellants, v MANUFACTURERS HANOVER TRUST Co. et al., Respondents and Third-Party Plaintiffs-Appellants, and CHESEBORO/WHITMAN Co., INC., et al., Respondents. ALLIED MAINTENANCE CORP., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 26, 1990, which, *inter alia,* denied the plaintiffs' and the defendants Manufacturers Hanover Trust Co. and Cross and Brown Company's cross motions for summary judgment, unanimously modified, on the law, by granting partial summary judgment to the plaintiffs pursuant to Labor Law § 240 (1), and otherwise affirmed, without costs.

The plaintiff Salvatore D'Amico, a window-washer employed by third-party defendant Allied Maintenance Corp., instituted this action to recover damages for personal injuries sustained on April 8, 1986, when he allegedly fell off a wooden sectional ladder while washing windows at 4 New York Plaza. Allied had purportedly purchased its ladders from the defendant Manhattan Ladder Co., Inc., which had purchased ladders from the defendants, suppliers Cheseboro/Whitman Co., Inc., Patent Scaffolding Co., Inc. and Harsco Corp. Based on Allied's inability to produce the ladder involved in the accident, all cross-claims against the suppliers were dismissed by this court *(D'Amico v Manufacturers Hanover Trust Co.,* 173 AD2d 263). The plaintiffs also discontinued their claims against these companies.

The plaintiff stated, at an examination before trial, that while standing on the ladder furnished by his employer, Allied, the sides cracked causing him to fall to the ground. His co-worker, Louis Hock, saw the plaintiff fall and noticed after the accident, that the side rail of the ladder had cracked, splitting into two pieces.

Cheseboro/Whitman, Patent Scaffolding and Harsco Corp. initially moved for summary judgment. Manhattan Ladder Co., Inc. moved for similar relief. The plaintiffs then cross moved for summary judgment against Manufacturers Hanover Trust Co. ("MHT"), the owner of the premises where the plaintiff was working and Cross and Brown Company, the managing agent of the building, based on a violation of Labor Law § 240 (1). MHT and Cross and Brown then cross moved

for summary judgment against Allied on a theory of indemnification. The Supreme Court denied the parties' motions.

We modify the order appealed from to grant partial summary judgment to the plaintiffs against MHT and Cross and Brown and otherwise affirm. It is well-settled that Labor Law § 240 (1) imposes absolute liability upon an owner, contractor and their agents for failing to provide or erect safety devices necessary to protect a worker who sustains injuries proximately caused by that failure *(Bland v Manocherian,* 66 NY2d 452; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054). A ladder falls within the category of "safety devices" *(Bland v Manocherian, supra).*

Despite the failure to produce the ladder, the uncontroverted evidence establishes that the cause of the accident herein was the cracking of the side of the wooden ladder. The plaintiff's testimony was consistent and was corroborated by his co-worker who witnessed the accident *(cf., Russell v Rensselaer Polytechnic Inst.,* 160 AD2d 1215; *Donohue v Elite Assocs.,* 159 AD2d 605; *Antunes v 950 Park Ave. Corp.,* 149 AD2d 332; *Alston v Golub Corp.,* 129 AD2d 916; *Braun v Dormitory Auth.,* 118 AD2d 614). Where a ladder breaks or collapses by itself, a *prima facie* case has sufficiently been established under section 240 (1) since such a result would be unlikely had the ladder been properly constructed *(Antunes v 950 Park Ave. Corp., supra; Braun v Dormitory Auth., supra).* Once it is established that an owner or contractor failed to provide the safety devices necessary to properly protect a worker, absolute liability is imposed under section 240 (1), regardless of any contributory negligence on the part of the worker *(Bland v Manocherian, supra).* MHT, as owner of the building, and Cross and Brown, as managing agent, are, therefore, absolutely liable to the plaintiff pursuant to Labor Law § 240 (1). Accordingly, it was error to deny the plaintiffs' cross motion for summary judgment under this Labor Law cause of action.

The Supreme Court correctly determined that issues of fact exist, precluding the award of summary judgment in favor of MHT and Cross and Brown against Allied on a theory of indemnification. MHT and Cross and Brown, as the owner and managing agent of the building, contend that if the plaintiffs are entitled to recover against them for violations of Labor Law § 240 (1), they are entitled to be indemnified by Allied, because Allied was a contractor engaged in the actual work on the building and was also subject to liability under the statute.

Allied is not, however, strictly liable to MHT and Cross and

Brown, since section 240 (1) creates rights running only to the plaintiff and not from one tortfeasor to another. MHT and Cross and Brown are absolutely liable, under the statute, for the accident. However, the jury may find that they were negligent as well. Allied may then be liable for contribution in proportion to whatever fault the jury may determine is attributable to it, but will not be liable to MHT and Cross and Brown for indemnity for these companies' own negligence. Summary judgment as to Allied's liability to the two companies is premature. Until the jury determines the negligence of MHT and Cross and Brown, if any, the liability of Allied is limited to contribution of its *pro rata* share according to the apportionment of fault as determined by the jury. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.