■ RICARDO BUENDIA, Respondent, v NEW YORK NATIONAL BANK, Appellant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendants. SCALON CLEANING SERVICES, INC., Third-Party Defendant-Respondent-Appellant. [637 NYS2d 70] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 23, 1995, which, *inter alia*, granted plaintiff laborer's motion for summary judgment on the issue of liability as against defendant and third-party plaintiff owner and third-party defendant contractor, and denied the owner's cross motion for summary judgment on its cause of action for common-law and contractual indemnification against the contractor, unanimously affirmed, without costs.

As the IAS Court pointed out, the plain language of Labor Law § 240 (1), which simply refers to the "cleaning * * * of a building", reveals the lack of merit to the contention that routine maintenance cleaning not incidental to structural construction, repair or alteration, such as plaintiff was performing before falling off a ladder, is not a protected activity (*cf., e.g., Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, *affd* 78 NY2d 978; *D'Amico v Manufacturers Hanover Trust Co.*, 177 AD2d 441). Nor was summary judgment in plaintiff's favor necessarily precluded by the fact that he was the only witness to the accident (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462). Because the ladder from which plaintiff fell was owned and provided to him by the owner, an issue of fact exists concerning the owner's fault for the accident that precludes summary judgment in its favor as against the contractor on a theory of common-law or contractual indemnification (*see, D'Amico v Manufacturers Hanover Trust Co., supra,* at 442-443). Concur—Sullivan, J. P., Rubin, Kupferman and Mazzarelli, JJ.