OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Arthur Brown was injured when he fell from the second-floor ledge of a cooperative apartment building in lower Manhattan. Defendant Anne Hack had hired plaintiff to wash the windows of her one-bedroom apartment and, at the time of his fall, plaintiff was attempting to wash the exterior of one of the windows.
 

 Although Labor Law § 240 (1), the first section of Labor Law article 10 ("Building Construction, Demolition and Repair Work”), provides for absolute liability against any contractor or owner who fails to furnish an employee with the appropriate scaffolding, ladders, slings or other safety devices during the "erection, demolition, repairing, altering, painting, [or] cleaning” of a building, the "cleaning” encompassed under the statute does not include the routine, household window washing at issue here
 
 (Connors v Boorstein,
 
 4 NY2d 172, 175). Unlike the painting of a house
 
 (Rivers v Sauter,
 
 26 NY2d 260) or the cleaning of all the windows of a large, nonresidential structure such as a school
 
 (Koenig v Patrick Constr. Corp.,
 
 298 NY 313), the routine cleaning of the five windows of a single cooperative apartment by an individual engaged by the apartment owner is not the kind of undertaking for which the Legislature sought to impose liability under Labor Law § 240.
 

 In light of the parties’ failure to address Labor Law § 202 ("Protection of the public and of persons engaged at window cleaning and cleaning of exterior surfaces of buildings”) in their briefs, we do not reach the question whether it provides the exclusive Labor Law remedy in cases such as this involving window cleaning
 
 (see, Terry v Young Men’s Hebrew Assn.,
 
 78 NY2d 978, 979).
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 
 *940
 
 Order affirmed, with costs, in a memorandum.