■ JOHN SANTAGATE et al., Appellants, v TOWN OF YORKTOWN, Respondent. (And a Third-Party Action.) [641 NYS2d 339] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a decision of the Supreme Court, Westchester County (Shapiro, J.), dated January 25, 1995, which determined that their motion for partial summary judgment on the issue of liability under Labor Law § 240 should be denied and that the defendant's cross motion for summary judgment dismissing the complaint should be granted, and (2) an order of the same court, dated March 1, 1995, which denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a deci-

sion (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the branch of the defendant's cross motion which was for summary judgment dismissing the plaintiffs' common-law negligence cause of action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Labor Law § 240 (1) is inapplicable to the facts of this case. At the time of the accident the plaintiff was changing light bulbs on a scoreboard, which is "routine maintenance" and not "repair" work within the meaning of the statute (*see, Smith v Shell Oil Co.,* 85 NY2d 1000; *Manente v Ropost, Inc.,* 136 AD2d 681; *see generally, Brown v Christopher St. Owners Corp.,* 87 NY2d 938). In addition, the plaintiff's work was not incidental to any activity covered under the statute (*cf., Lombardi v Stout,* 80 NY2d 290; *Birbilis v Rapp,* 205 AD2d 569; *Martin v Back O'Beyond,* 198 AD2d 479).

However, the Supreme Court improperly dismissed the entire complaint. The complaint, as amplified by the bill of particulars, also alleges a common-law negligence cause of action. Upon this record, it cannot be said that the defendant is entitled to summary judgment on a common-law negligence cause of action. Miller, J. P., Joy, Altman and Friedmann, JJ., concur.