■ FRED BERMEL, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. ALEXANDER CHISOLM, Third-Party Defendant-Respondent. [647 NYS2d 548] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated October 26, 1994, as, *inter alia,* denied the branch of his motion which was for partial summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by adding thereto a provision that, upon searching the record on the branch of the plaintiff's motion which was for summary judgment, summary judgment is granted to the defendant, and the complaint is dismissed; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff was a paid employee of the third-party defendant Alexander Chisolm (hereinafter Chisolm), who had been engaged as school custodian of P.S. 117, Queens. On September 27, 1984, Chisolm assigned the plaintiff to the task of replacing fluorescent light bulbs and cleaning the light fixtures in the school's auditorium. The work required the use of a scaffold, because the light fixtures were suspended from the auditorium ceiling. The plaintiff was injured when the scaffold upon which he was standing collapsed.

The plaintiff's cause of action does not fall within Labor Law § 240 (1). Changing light bulbs is "routine maintenance" and not "repair" work within the meaning of the statute (*see, Smith v Shell Oil Co.,* 85 NY2d 1000; *Santagate v Town of Yorktown,* 226 AD2d 519; *Manente v Ropost, Inc.,* 136 AD2d 681). Moreover, the "cleaning" encompassed under the statute does not include "routine" cleaning in a non-construction, non-renovation context (*see, Brown v Christopher St. Owners Corp.,* 87 NY2d 938; *Cosentino v Long Is. R. R.,* 201 AD2d 528; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592).

The parties have focused entirely on Labor Law § 240 (1), which we have addressed above. The complaint does not contain separate causes of action to recover damages under Labor Law § 200, or on a theory of common-law negligence, but even if we were to construe the complaint as including such

causes of action, those claims similarly would fail. It is well settled that where, as here, an alleged defect or dangerous condition arises from a subcontractor's own methods of performing the work, and the owner—here, the Board—exercises no supervisory control or direction over the operation, no liability attaches to the owner either under the common law or under Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Lombardi v Stout,* 80 NY2d 290, 295; *Lillis v City of New York,* 226 AD2d 592; *Edwards v Twenty-Four Twenty-Six Main St. Assocs., supra*).

To the extent that the plaintiff's complaint can be read as stating a claim pursuant to Labor Law § 241 (6), such claim must fail as the plaintiff was not engaged in "construction work", as defined by the industrial code (12 NYCRR 23-1.4 [b] [13]), when he was injured (*see, Mosher v State of New York,* 80 NY2d 286; *Phillips v City of New York,* 228 AD2d 570; *Houde v Barton,* 202 AD2d 890, 894-895).

Thus, upon searching the record on the plaintiff's motion for summary judgment, we find that the defendant is entitled to summary judgment dismissing the complaint against it.

In light of our determination, we do not reach the parties' remaining contentions. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.