■ WILLIAM VERNUM, Appellant, v TIMOTHY ZILKA et al., Respondents. [660 NYS2d 599] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered October 4, 1996 in Saratoga County, which, *inter alia*, granted defendants' motion for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action.

After assisting defendant Timothy Zilka (hereinafter Zilka) with the removal of snow and ice from the roof of a building, which is part of a complex of rental buildings owned by defendants, plaintiff set out to retrieve a shovel and hammer that had been left on the roof. When the ladder he used for this purpose shifted or collapsed, plaintiff fell to the ground, sustaining injuries. This suit by plaintiff, charging defendants with, *inter alia*, violation of Labor Law § 240 (1), followed.

After issue was joined and depositions conducted, all of the parties moved for summary judgment in their favor on the Labor Law § 240 (1) cause of action. In granting defendants' motion, Supreme Court reasoned that snow removal is not an activity to which this section applies; plaintiff appeals.

The parties disagree with respect to whether the undertaking plaintiff was engaged in constitutes "cleaning", "maintenance" or "repair", as those terms are used in Labor Law § 240 (1) and pertinent case law. Plaintiff urges, but we are not persuaded, that the removal of snow and ice, in this instance, should be considered a "repair" because it prevented further deterioration of the roof. Equally unconvincing is defendants' contention that the activity that precipitated plaintiff's fall was "routine maintenance", to which the statute does not apply (*see, e.g., Cox v International Paper Co.*, 234 AD2d 757; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592, 593). As for this argument, it suffices to note that the task plaintiff was carrying out was a form of "cleaning", i.e., the

"rid[ding] of dirt, impurities, or *extraneous material*" (Webster's Ninth New Collegiate Dictionary 247 [1988] [emphasis supplied]), and that the Court of Appeals has recently observed that it is routine maintenance of a sort which is "different from 'painting, cleaning or pointing' " that is not encompassed by the statute (*Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *see, Connors v Boorstein*, 4 NY2d 172, 175).

While the "cleaning" activity contemplated by Labor Law § 240 (1) does not include "truly domestic" household cleaning (*Rivers v Sauter*, 26 NY2d 260, 263), such as the routine cleaning of windows (*see, Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939; *Aviles v Crystal Mgt.*, 233 NY2d 129) or gutters (*see, Beavers v Hanafin*, 88 AD2d 683) of a single-family dwelling unit by a person engaged by the occupant, workers performing other types of cleaning activity are protected (*see, Buendia v New York Natl. Bank*, 223 AD2d 456, *lv dismissed* 88 NY2d 962; *Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, 400, *affd* 78 NY2d 978; *cf., Brown v Christopher St. Owners Corp., supra*, at 939).

Here, plaintiff was hired to remove snow and ice, not for the purpose of improving his employer's personal household living conditions, but rather to protect or enhance the value of buildings that form the basis of a business or investment enterprise, or to improve the return that could be obtained therefrom. Hence, his labor cannot be considered "domestic" in nature, such that it could be said to lie beyond the intended scope of the statute. In these circumstances, there is no basis for concluding that the plain language of the statute, which affords safeguard to those engaged in the "cleaning * * * of a building", does not apply (Labor Law § 240 [1]; *see, Rivers v Sauter, supra*, at 263; *Buendia v New York Natl. Bank, supra*, at 456).*

Defendants' remaining claim, that plaintiff was not an "employee" within the meaning of the statute, is meritless. The record establishes that plaintiff was not a volunteer, but had been hired by Zilka to work for a wage of $10 per hour. The fact that he may have had an agreement with his employer that some or all of those earnings would be applied to reduce a

---

* Notably, although the particular building on which plaintiff was working at the time of his fall was a rented single-family residence, and Zilka testified that plaintiff was directed to confine his efforts to that building alone (though he evidently did not do so), defendants do not seek to rely on the exemption for owners of one and two-family dwellings (*see,* Labor Law § 240 [1]; *Yelland v Weissman*, 177 AD2d 874, 875, *lv denied* 80 NY2d 754). In any event, it is apparent that Zilka did direct and control the particulars of plaintiff's work; accordingly, the exemption would not apply.

debt owed to the latter is of no moment, given that he was "permitted or suffered to work" (Labor Law § 2 [7]) on the premises, for monetary consideration, by the owner (*see,* Labor Law § 2 [5], [6], [7]; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971).

Inasmuch as it is undisputed that plaintiff's fall was occasioned by a collapsing or falling ladder, which was not adequately secured so as to provide proper protection while he was working at a height, his motion for partial summary judgment predicated on Labor Law § 240 (1) liability should have been granted (*see, Lopez v 36-2nd J Corp.,* 211 AD2d 667, 668; *MacNair v Salamon,* 199 AD2d 170, 171; *Place v Grand Union Co.,* 184 AD2d 817).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendants' motion denied, plaintiff's motion granted and plaintiff is awarded partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.