◼ Eva Williams, Respondent-Appellant, v Perkins Restaurants, Inc., et al., Appellants-Respondents and Third-Party Plaintiffs, et al., Defendant. Fat Free Systems, Inc., Third-Party Defendant-Appellant. [667 NYS2d 567] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for injuries she allegedly sustained in a work-related accident. Her employer, third-party defendant, Fat Free Systems, Inc. (Fat Free), had been hired by defendant and third-party plaintiff Perkins Restaurants, Inc. (Perkins), to clean the kitchen exhaust system at its restaurant in Oswego. Fat Free performed the cleaning operation at regular intervals for that Perkins restaurant. Plaintiff was allegedly injured when she fell as she descended a ladder from the roof of the restaurant after cleaning grease from the exhaust fans and vent. In a single cause of action, plaintiff alleges that defendants violated Labor Law § 240 (1) and § 241 (6). Fat Free and defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for partial summary judgment on Labor Law § 240 (1) liability. Supreme Court granted the motions insofar as they sought summary judgment dismissing that part. of plaintiff's cause of action alleging defendants' violation of section 241 (6). The court denied the motions insofar as they sought judgment with respect to that part of the cause of action alleging defendants' violation of section 240 (1) and denied plaintiff's cross motion.

The court erred in denying the motions insofar as they sought summary judgment dismissing that part of plaintiff's cause of action alleging a violation of Labor Law § 240 (1). That section does not apply to the work plaintiff was performing when she was injured. "[T]he 'cleaning' encompassed under the statute does not include 'routine' cleaning in a non-construction, non-renovation context (*see, Brown v Christopher St. Owners Corp.*, 87 NY2d 938 [*rearg denied* 88 NY2d 875]; *Cosentino v Long Is. R. R.*, 201 AD2d 528; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592)" (*Bermel v Board of Educ.*, 231 AD2d 663). We, therefore, modify the order by granting the motions in their entirety and dismissing the complaint.

In her brief, plaintiff does not challenge the order insofar as it granted summary judgment dismissing that part of her cause

of action alleging defendants' violation of Labor Law § 241 (6). We, therefore, deem that issue abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeals from Order of Supreme Court, Onondaga County, Tormey, III, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.