■ LAWRENCE DOUGLASS et al., Respondents, v RENTAL PROPERTIES, INC., Appellant. [669 NYS2d 973] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered April 10, 1997 in Montgomery County, which, inter alia, partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Lawrence Douglass (hereinafter plaintiff) was employed as a carpenter by Little Falls Lumber, a family corporation owned by William Filipski, Katherine Filipski and James Filipski. They also owned defendant, which operated numerous rental properties including the premises where plaintiff was injured. Plaintiff alleged that as a Little Falls employee, he was often directed by either William Filipski or James Filipski to remove snow and ice from the rooftops of defendant's rental properties. On one such occasion, plaintiff fell and sustained numerous injuries while engaged in the removal of snow and ice from the steel porch roof of defendant's nine-unit apartment building.

Plaintiff, and his wife derivatively, commenced this action against defendant alleging, inter alia, violations of Labor Law § 200 (1), § 240 (1) and § 241 (6). After defendant moved for summary judgment, plaintiffs cross-moved for partial summary judgment pursuant to Labor Law § 240 (1). Supreme Court granted defendant's motion to dismiss with regard to the Labor Law § 241 (6) claim and denied the remainder of that motion and plaintiffs' cross motion upon finding issues of fact. Only defendant appeals.*

We reject any contention by defendant that plaintiff's removal of snow and ice from these rental properties was the

---

* While plaintiffs did not directly appeal the denial of their cross motion for summary judgment with respect to their Labor Law § 240 (1) claim, we note our authority to search the record and grant summary judgment to a "nonmoving, nonappealing party without the necessity" of a cross appeal (Sherba v Midstate Precast Sys., 230 AD2d 944, 946).

equivalent of maintenance which would preclude the protections accorded by Labor Law § 240 (1) (*see, Vernum v Zilka,* 241 AD2d 885, 885-886). However, liability pursuant to Labor Law § 240 (1) will only arise if the injury actually resulted from the kind of risk that brought about the need for a protective device in the first instance (*see, Sutfin v Ithaca Coll.,* 240 AD2d 989, 990). Plaintiff's sole contention was that defendant failed to supply him with appropriate safety equipment. With the testimony of William Filipski detailing that plaintiff traveled with his own rope and would, on occasion, use it when clearing rooftops, a potential defense to the absolute liability imposed under Labor Law § 240 (1) has arisen (*see, Tennant v Curcio,* 237 AD2d 733, 734). Hence, Supreme Court appropriately declined to grant summary relief to plaintiffs on this cause of action.

We similarly find an arguable issue of fact on the Labor Law § 200 (1) cause of action. Through the testimony of plaintiff and William Filipski, it was established that James Filipski would direct employees to clear rooftops on the rental properties only after he canvassed their condition each morning. When the work was completed, he would inspect the work. Since the evidence indicated that James Filipski consistently pursued a course of supervision and control over the employees' activities and that, as a result thereof, he could have had actual or constructive notice of the unsafe conditions on the properties (*see, Friot v Wal-Mart Stores,* 240 AD2d 890; *Houde v Barton,* 202 AD2d 890, 891-892, *lv dismissed* 84 NY2d 977), we find that Supreme Court correctly determined that a summary determination on such cause of action would be inappropriate (*id.*).

Finding no assumption of liability on the part of an injured party when repairing a dangerous condition on an owner's property while in the employ of that owner (*see, Piecyk v Otis El. Co.,* 164 AD2d 816, 817) or that the dangers and risks were readily observable (*see, Dorr v General Elec. Co.,* 235 AD2d 883), we reject defendant's remaining contentions and affirm the order of Supreme Court.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.