OPINION OF THE COURT
Patrick D. Monserrate, J.
Defendant International Business Machines Corporation (IBM) moves for summary judgment dismissing the complaint *662 of plaintiffs Russell L. Chapman and Altheda M. Chapman; plaintiffs cross-move for partial summary judgment on liability under Labor Law § 240 (1) (CPLR 3212).
Background
In the underlying action plaintiffs seek damages for personal injuries allegedly sustained by Russell Chapman on March 8, 1993 as a result of a fall at premises owned by IBM, with which Chapman’s employer (ISS Servisystem) had contracted to provide janitorial services for the building. On the day in question Mr. Chapman arrived for his regular work shift at 10:30 p.m. and was instructed by his supervisor, Dave Manwaring, to clean the overhead fluorescent lights. When his request for a ladder and another person to assist him was denied, Mr. Chapman proceeded to a conference room with 12- to 14-foot ceilings where he began his cleaning duties. He found a folding conference table on which he stood to reach the overhead lights. Still standing on the table, he had finished cleaning the first fixture and was closing it when the legs of the table folded, causing the table to collapse and Chapman to fall to the floor. He promptly called his supervisor, Manwaring, and filled out an accident report before returning to work and completing the remainder of his shift.
Plaintiffs’ complaint alleges three causes of action against IBM: (1) common-law negligence; (2) Labor Law § 240 (1); and (3) a derivative claim on behalf of Mrs. Chapman.
Discussion
IBM’s motion to dismiss the cause of action based on common-law negligence will be granted. No claim for negligence lies against a party, such as IBM, who provided no supervision of, had no control over, and owed no duty to the worker (Di Ponzio v Riordan, 89 NY2d 578 [1997]; Lombardi v Stout, 80 NY2d 290 [1992]; Kendle v Bohl Contr. Co., 242 AD2d 848 [3d Dept 1997]; Comes v New York State Elec. & Gas Corp., 189 AD2d 945 [3d Dept 1993], affd 82 NY2d 876 [1993]).
Plaintiffs’ second cause of action posits liability on Labor Law § 240 (1). That statute imposes absolute liability on any owner of premises who fails to furnish an employee with appropriate scaffolding, ladders or other safety devices during “the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1]; Brown v Christopher St. Owners Corp., 87 NY2d 938 [1996], rearg denied 88 NY2d 875 [1996]).
*663 With the facts undisputed, the question of law to be resolved* is whether the activity of plaintiff constituted “cleaning” as that activity is described in Labor Law § 240 (1). More specifically, the issue is whether the “cleaning” protected by the statute must be performed in the context of a construction project, as defendant asserts, or may include routine cleaning, as plaintiff claims.
In Brown v Christopher St. Owners Corp. (supra), the Court of Appeals held that the “cleaning” encompassed under section 240 (1) did not include the routine washing of the five windows of a one-bedroom cooperative apartment. That narrow exception to the applicability of the statute was based on the fact that the window washing was confined to a single residential apartment by an individual engaged by the apartment owner. However, the Court expressly distinguished the facts in that particular situation as “[u]nlike * * * the cleaning of all the windows of a large, nonresidential structure such as a school”. (Supra, at 939.)
Analogous questions to the one presented here have been addressed in the four Judicial Departments with inconsistent results. In Bermel v Board of Educ. (231 AD2d 663 [2d Dept 1996]), plaintiff, employed as a school custodian, was changing light bulbs and cleaning the light fixtures in a school auditorium, when the scaffold upon which he was standing collapsed. Citing Brown (supra), the Second Department held (at 663) that “the ‘cleaning’ encompassed under the statute does not include ‘routine’ cleaning in a non-construction, non-renovation context”. Accordingly, the Court concluded, the “scaffold law” does not protect a worker on a collapsing scaffold engaged in “routine cleaning” at an elevated height.
The Fourth Department reached a similar result in Williams v Perkins Rests. (245 AD2d 1128 [4th Dept, Dec. 31, 1997]) where plaintiff, an employee of a cleaning company, was injured when she fell while descending a ladder from the roof of defendant’s restaurant after cleaning exhaust fans and vents. Citing both Brown and Bermel (supra), the Court conditioned the applicability of Labor Law § 240 (1) and recovery for “cleaning” activity on the existence of a construction or renovation context.
The First Department, on the other hand, reached the opposite result in Buendia v New York Natl. Bank (223 AD2d 456 *664 [1st Dept 1996], lv dismissed 88 NY2d 962 [1996]). There plaintiff fell off a ladder while performing “routine maintenance cleaning not incidental to structural construction, repair or alteration” (at 456). Citing “the plain language of Labor Law § 240 (1), which simply refers to the ‘cleaning * * * of a building’ ” (at 456) the Court rejected the contention that plaintiffs activity was not a protected activity under the statute. Again, in Bustamante v Chase Manhattan Bank (241 AD2d 327 [1st Dept 1997]), the First Department refused to apply the “narrow limitation” carved out in Brown (supra) to a commercial setting. There plaintiff was injured in a fall from a ladder while cleaning the tops of partitions in defendant bank’s offices. Noting that section 240 (1) specifically includes protection for workers injured while “cleaning * * * a building” (at 327), the Court concluded that a fall from an elevated place during routine cleaning in the context of one’s employment is covered by section 240 (1).
The Third Department has not ruled precisely on this point. However, in the case of Vernum v Zilka (241 AD2d 885 [3d Dept 1997]), the Court was faced with the question of whether Labor Law § 240 (1) protected a worker who was removing ice and snow from the roof of a building and was injured in a fall when his ladder shifted or collapsed. Although there was no mention of a construction or renovation context, the Court determined that “the task plaintiff was carrying out was a form of ‘cleaning’, i.e., the ‘rid[ding] of dirt, impurities, or extraneous material’ ” (at 885-886, citing Webster’s Ninth New Collegiate Dictionary 247 [1988]) and the plain language of the statute affords protection to those injured while cleaning a building. The Court (at 886) saw a distinction between “routine maintenance”, which is not encompassed by the statute (Smith v Shell Oil Co., 85 NY2d 1000 [1995]), and “ ‘painting, cleaning or pointing’ ”, which are; also it restricted the applicability of Brown (supra) to “ ‘truly domestic’ household cleaning”, while adopting the holding in Buendia (supra) that “workers performing other types of cleaning activity are protected” (at 886). The Court concluded that “there is no basis for concluding that the plain language of the statute, which affords safeguard to those engaged in the ‘cleaning * * * of a building’, does not apply” (Vernum v Zilka, supra, at 886).
Defendant’s motion to dismiss the complaint will be denied. The purpose of Labor Law § 240, commonly referred to as “the Scaffold Law,” is to place responsibility for safety in the workplace with respect to elevation-related risks with owners *665 and contractors and the statute should be construed as liberally as necessary to achieve that purpose (Lombardi v Stout, supra; Sutfin v Ithaca Coll., 240 AD2d 989 [3d Dept 1997]; Carpio v Tishman Constr. Corp., 240 AD2d 234 [1st Dept 1997]). Notwithstanding the interpretation adopted by the Court in Bermel (supra), there is nothing in the Court of Appeals decision in Brown (supra) which conditions recovery under Labor Law § 240 (1) on the presence or absence of construction or renovation work. The Court in Brown (supra) expressly left the door open for application of the statute to routine cleaning, requiring only a commercial setting. Neither the Legislature nor the Court of Appeals has, expressly or by interpretation, limited Labor Law § 240 (1) protection to construction sites. There is no rational basis for reading such words into the statute.
Conclusion
Defendant’s motion for summary judgment dismissing the plaintiffs’ complaint will be granted as to the common-law negligence cause of action, but otherwise denied. Plaintiffs’ motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) will be granted.

 Apparently, at this writing, one of first impression in the Third Judicial Department.