[686 NYS2d 888]

Russell L. Chapman et al., Respondents, v International Business Machines Corporation, Appellant.

Third Department, March 18, 1999

APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson,* Binghamton (*David F. McCarthy* of counsel), for appellant.

*Edward F. Crumb,* Binghamton, for respondents.

OPINION OF THE COURT

SPAIN, J.

The issue presented by this appeal is whether Labor Law § 240 (1) applies to an employee who while cleaning a commercial building, falls from a table, although no construction or renovation work is occurring. This precise issue of the scope of the protection afforded to workers injured while engaged in the "cleaning * * * of a building" (Labor Law § 240 [1])—here, cleaning overhead light fixtures—has not been addressed by this Court, although it has been discussed by other courts.

Plaintiffs commenced this action for injuries sustained by plaintiff Russell L. Chapman (hereinafter plaintiff) on March 8, 1993 when defendant's conference room table, on which plaintiff was standing, collapsed as plaintiff attempted to clean an overhead light fixture. At the time, plaintiff was employed as a janitor by ISS Servisystem Inc. to perform cleaning services in defendant's building. Plaintiffs sued defendant, the owner of the building, alleging common-law negligence and a violation of Labor Law § 240 (1).

Following the deposition of plaintiff, Supreme Court partially granted defendant's motion for summary judgment by dismissing the common-law cause of action and granted plaintiffs' cross motion for partial summary judgment in their favor on the issue of defendant's liability under Labor Law § 240 (1) (*see,* 176 Misc 2d 661). Defendant now appeals from that part of the order granting plaintiffs partial summary judgment.

The plain language of this statute affords safeguards to those engaged in the "cleaning * * * of a building" (Labor Law § 240 [1]; *see, Vernum v Zilka,* 241 AD2d 885, 886). Its purpose is to protect workers by placing ultimate responsibility for elevation-related worksite safety on the owner (or general contractor), instead of on the workers themselves (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *see also, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Sutfin v Ithaca Coll.,* 240 AD2d 989). It imposes absolute liability on the owners (or general contractors) for any breach of the statutory duty which has proximately caused injury (*see, Rocovich v Consolidated Edison Co., supra,*

at 513) and creates a nondelegable duty (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Rocovich v Consolidated Edison Co., supra*).

This Court has recognized that the "cleaning" activity contemplated by Labor Law § 240 (1) does not include " 'truly domestic' " household cleaning (*Vernum v Zilka, supra*, at 886; *see also, Rivers v Sauter*, 26 NY2d 260, 263). Indeed, the Court of Appeals has ruled that under this statute, "cleaning" does not include routine, household cleaning of the windows of a private residence, i.e., a single cooperative apartment, by a person engaged by the residential owner (*see, Brown v Christopher St. Owners Corp.*, 87 NY2d 938; *see also, Connors v Boorstein*, 4 NY2d 172; *Aviles v Crystal Mgt.*, 233 AD2d 129; *Beavers v Hanafin*, 88 AD2d 683 [cleaning gutters of the defendant's home not covered by Labor Law § 240 (1)]), leaving open the question of whether Labor Law § 240 (1) would apply to similar cleaning of a large, nonresidential structure (*but see, Bauer v Female Academy of Sacred Heart*, 250 AD2d 298 [holding that Labor Law § 202 is the plaintiff's exclusive remedy for injuries sustained while cleaning windows of commercial building]). Although *Brown v Christopher St. Owners Corp.* (*supra*) involved window cleaning and *Vernum v Zilka* (*supra*) involved removal of snow and ice from a rooftop, they are instructive in our application of Labor Law § 240 (1) to this case in that they draw a distinction between domestic residential cleaning and cleaning of a commercial building or structure.

This Court and the First Department have determined that aside from the narrow limitation recognized in *Brown v Christopher St. Owners Corp.* (*supra*) for routine domestic cleaning of private residences on behalf of occupants, "workers performing other types of cleaning activity are protected" (*Vernum v Zilka, supra*, at 886), such as where workers are injured while cleaning offices or commercial buildings (*see, id.* [workers injured removing snow/ice from roof of owner's business property]; *Douglass v Rental Props.*, 248 AD2d 863 [same]; *see also, Ekere v Airmont Indus. Park*, 249 AD2d 104 [worker injured when he fell from ladder while cleaning awning]; *Bustamante v Chase Manhattan Bank*, 241 AD2d 327 [worker injured while cleaning tops of partitions in bank's office]; *Roldan v Molyneux*, 227 AD2d 240; *Buendia v New York Natl. Bank*, 223 AD2d 456, *lv dismissed* 88 NY2d 962, *lv denied* 91 NY2d 812 [worker injured while performing routine maintenance cleaning of office]). These cases have declined to impose any requirement that commercial cleaning be incidental to

structural construction, repair or alteration to be considered protected activity within the purview of Labor Law § 240 (1) (*see, id.; see also, Brown v Christopher St. Owners Corp., supra; Terry v Young Men's Hebrew Assn.*, 168 AD2d 399, *affd* 78 NY2d 978).

Here, plaintiff was employed by ISS as a janitor whose regular duties included cleaning the floors in defendant's buildings. ISS periodically assembled an overtime shift to clean defendant's light fixtures. At the time of this accident, during his regular shift, plaintiff was assigned to clean the overhead light fixture in one of defendant's conference rooms. He fell while standing on a table in order to reach and clean the light fixtures, when the table collapsed. Since at the time of the fall plaintiff was engaged in commercial " 'cleaning', i.e., the 'rid-[ding] of dirt, impurities or extraneous material' " (*Vernum v Zilka, supra,* at 885-886 [emphasis deleted], quoting Webster's Ninth New Collegiate Dictionary 247 [1988]), and since it is undisputed that his fall was caused by a collapsing table which was not adequately secured, plaintiffs' motion for partial summary judgment predicated upon Labor Law § 240 (1) liability was properly granted (*id.,* at 887).

In reaching this result, we are aware that the Second and Fourth Departments have adopted the interpretation, relying upon *Brown v Christopher St. Owners Corp.* (*supra*), that the "cleaning" encompassed under Labor Law § 240 (1) does not include routine *commercial* cleaning in a nonconstruction, non-renovation context, i.e., cleaning which is not incidental to building construction, demolition or repair work (*see, Bermel v Board of Educ.,* 231 AD2d 663 [changing light bulbs and cleaning light fixtures not covered]; *see also, Williams v Perkins Rests.,* 245 AD2d 1128, *lv denied* 92 NY2d 804 [cleaning of kitchen exhaust system performed on roof of restaurant not covered]; *Hazlitt v Autagne,* 254 AD2d 697, *lv denied* 92 NY2d 819 [same]; *Koch v E.C.H. Holding Corp.,* 248 AD2d 510, *lv denied* 92 NY2d 811 [injury occurring during routine cleaning of cement truck which was not necessary or incidental to the erection or repair of a building or structure not within ambit of Labor Law § 240 (1)]; *Wittmeyer v Holland Cent. School Dist.,* 255 AD2d 921, *lv denied* 93 NY2d 801).

However, the distinction drawn in *Brown v Christopher St. Owners Corp.* (*supra*), to which we adhered in *Vernum v Zilka* (*supra*), was between routine, truly domestic, household cleaning on behalf of a residential owner, which is not covered by

Labor Law § 240 (1), and nonresidential, commercial cleaning, which is covered (*see, Vernum v Zilka, supra,* at 886; *see also, Rivers v Sauter, supra; Connors v Boorstein,* 4 NY2d 172, *supra; Bustamante v Chase Manhattan Bank, supra; Buendia v New York Natl. Bank, supra). Brown v Christopher St. Owners Corp.* (*supra*) did not impose or recognize a limitation on *commercial* cleaning which requires that it be performed in a construction or repair context to fall under Labor Law § 240 (1), and we decline to do so (*see, Joblon v Solow,* 91 NY2d 457, 464-465 [in defining the meaning of "altering" under Labor Law § 240 (1), the Court declined to impose limitation that the work be performed as part of a building construction job]). We believe this is consistent with the mandate that Labor Law § 240 (1) be construed as liberally as possible to accomplish the purposes for which it was framed (*see, Gordon v Eastern Ry. Supply, supra,* at 559; *Rocovich v Consolidated Edison Co., supra,* at 513). Our decision in *Beavers v Hanafin* (88 AD2d 683, *supra*), which involved an injury that occurred when the plaintiff fell from a ladder while cleaning the gutters on the defendant's home, held that *domestic* cleaning which was not incidental to construction, demolition or repair work was not covered by Labor Law § 240 (1) (*see, Connors v Boorstein, supra,* at 175; *see also, Rivers v Sauter,* 26 NY2d 260, 263, *supra*). The common-law requirement that cleaning be "incidental to building construction, demolition [or] repair" applies "only to truly domestic situations" (*Rivers v Sauter, supra,* at 263).

We note that, under this statute, "cleaning * * * of a building or structure" is listed *in the alternative* to a series of other covered activity, i.e., covered activities include the "erection, demolition, repairing, altering, painting, cleaning *or* pointing of a building" (Labor Law § 240 [1] [emphasis supplied]). In our view, under a plain reading of the statute, there is no requirement or condition that commercial cleaning be incidental to the other listed activities, such as construction, repair or alteration activity, to be covered.

MIKOLL, J. P., YESAWICH JR., CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs.