■ TIMOTHY RUSS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 97240.) [699 NYS2d 822] —Graffeo, J. Appeal from an order of the Court of Claims (King, J.), entered February 11, 1999, which, *inter alia*, denied claimants' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim.

Claimant Timothy Russ (hereinafter claimant) and his wife, derivatively, commenced this action to recover damages arising out of injuries sustained by claimant when he fell through a false ceiling while working for his employer at the Glens Falls Armory, a facility owned by the State in Warren County. After issue was joined and discovery conducted, claimants moved for partial summary judgment on the issue of liability on their Labor Law § 240 (1) and § 241 (6) claims. The Court of Claims denied the motion and claimants appeal.

On appeal, claimants contend only that the Court of Claims erred in concluding that claimant was not engaged in either "repairing" or "cleaning" within the meaning of Labor Law § 240 (1) when he stepped off a joist and fell through ceiling tiles.* Hence, the salient issue is whether the work performed by claimant constituted cleaning or repair activities as encompassed by the statute (*see, Joblon v Solow*, 91 NY2d 457,

---

* It is undisputed that claimant was performing activities which involved an "elevation-related hazard" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500) in that he was required to climb a ladder and walk across ceiling joists in order to gain access to several smoke detector units.

465; *LaFontaine v Albany Mgt.*, 257 AD2d 319, 320, *lv denied* 94 NY2d 751). Claimant was employed by Northern Fire Systems and at the time of his injury, he was undertaking to conduct the semiannual inspection of the smoke alarm system in the building. The inspection required claimant to check each unit which he tested with artificial smoke. If the unit worked properly, he would open it to inspect for insects or dust, using a can of compressed air to blow away any debris. Upon returning the unit to its base, he activated it again. If the unit did not work, he adjusted the sensitivity of the detector or, if necessary, replaced the unit. Asserting that his work included adjustment and replacement of nonfunctional smoke alarm detector units, claimant alleges that he was engaged in "repairing" the system and that his removal of debris from the units qualified as "cleaning", both activities falling within the parameters of Labor Law § 240 (1).

In resolving the issue of whether claimant was engaged in one of the protected activities covered by the statute, we must focus on the type of work claimant was performing when he was injured (*see, Joblon v Solow, supra*, at 465). The record does not reveal that there was any construction underway at the armory at the time of claimant's injury and the smoke detector inspection tasks were not performed incidental to any other activity enumerated in Labor Law § 240 (1). Although he was engaged in tasks related to the periodic inspection of the smoke alarm system, claimant does not allege that the smoke detectors were inoperable or had failed to function (*compare, Craft v Clark Trading Corp.*, 257 AD2d 886) and, therefore, we view the inspection and testing duties undertaken by claimant at the time of his accident distinguishable from the types of repair activities contemplated by Labor Law § 240 (1) (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *LaFontaine v Albany Mgt., supra*, at 324).

Furthermore, although this Court determined in *Chapman v International Bus. Machs. Corp.* (253 AD2d 123) that commercial cleaning of light fixtures not performed in connection with construction or renovation falls under the umbrella of statutorily enumerated activities, here claimant's removal of dust and debris from the smoke detectors with a shot of compressed air constituted only a minimal aspect of his duties. Viewed in its overall context, claimant's work primarily consisted of inspection and testing procedures related to the routine maintenance of the smoke alarm system, and the mere fact that the process included the momentary removal of dust and debris from certain smoke detectors does not bring the

activity within the scope of "cleaning" for liability purposes under Labor Law § 240 (1) (*see, Joblon v Solow, supra,* at 465; *cf., Brown v Christopher St. Owners Corp.,* 87 NY2d 938). For the foregoing reasons, the Court of Claims' order is affirmed.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

