■ ARMANDO MACHADO et al., Appellants, v TRIAD III ASSOCIATES et al., Respondents, et al., Defendants. (And Third-Party Actions.) [712 NYS2d 145] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 18, 1999, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 insofar as asserted against the defendants Triad III Associates and Triad Land Associates.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, Armando Machado, was employed by the third-party defendant, Solar Maintenance Company, as a night supervisor in charge of cleaning a building owned by the defendants Triad III Associates and Triad Land Associates

(hereinafter collectively Triad). On June 4, 1993, at about 6:45 P.M., the injured plaintiff climbed on the roof of a pedestrian walkway to clean the numbers affixed to the outside of the building, and fell through a plexiglass skylight.

Labor Law § 240 (1) provides that "[a]ll contractors and owners * * * *in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure* shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis added). The cleaning encompassed by Labor Law § 240 (1) does not include routine cleaning in a nonconstruction, nonrenovation context (*see, Brown v Christopher St. Owners Corp.,* 87 NY2d 938, 939; *Koch v E.C.H. Holding Corp.,* 248 AD2d 510; *Williams v Perkins Rests.,* 245 AD2d 1128; *Bermel v Board of Educ.,* 231 AD2d 663; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592, 593).

At the time of the accident, the injured plaintiff was engaged in ordinary, routine maintenance that was wholly unrelated to any construction or renovation of the subject building. The cases relied upon by the plaintiff are inapposite since they involve injuries sustained by professional window cleaners while cleaning windows (*see generally, Williamson v 16 W. 57th St. Co.,* 256 AD2d 507). Thus, the Supreme Court properly granted summary judgment dismissing the cause of action asserted under Labor Law § 240 (1). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.