■ PETER J. SAJTA et al., Respondents, v LATHAM FOUR PARTNERSHIP, Appellant, et al., Defendant. [723 NYS2d 716] —Mugglin, J. Appeal from an order of the Supreme Court (Best, J.), entered September 7, 2000 in Montgomery County, which, *inter alia*, denied a motion by defendant Latham Four Partnership for summary judgment dismissing the complaint against it.

On December 29, 1995, plaintiff Peter J. Sajta (hereinafter plaintiff), a maintenance employee of Avion Management Corporation, was directed to go to a commercial building in the Town of Colonie, Albany County, that was owned by defendant Latham Four Partnership, for the purpose of spreading calcium chloride on a mound of ice which was impeding vehicle access to the building through an overhead door. Upon arrival, plaintiff noticed icicles hanging from the awning above the overhead door and an ice buildup on the awning approximating one foot in depth. Believing that the icicles hampered access to the building, plaintiff and an employee of Robert Santorelli Electric, Inc., who was there to install an exterior light near the overhead door, attempted to dislodge the icicles with a length of metal conduit. Unable to do more than break the ends off the icicles, the electrician returned to the task of installing the light and plaintiff began spreading the calcium chloride over the mound of ice on the blacktop. While doing so, plaintiff was struck in the back of the head and neck by a large block of ice that fell from the awning. Following joinder of issue and completion of discovery, Latham moved for summary judgment seeking dismissal of plaintiffs' claims predicated upon Labor Law §§ 200, 240 (1); § 241 (6) and common-law negligence. In response, plaintiffs cross-moved for summary judgment on each claim asserted in the complaint. Finding issues of fact existing with respect to each cause of action, Supreme Court denied both motions and Latham now appeals.

Initially, we agree with Supreme Court that defendant's submissions in support of its motion for summary judgment with respect to the common-law negligence and Labor Law § 200 causes of action are inadequate upon which to grant such relief or to shift the burden to plaintiff (*see, Zuckerman v City of New York*, 49 NY2d 557). While it may eventually be established that Latham neither supervised nor controlled plaintiff's work—an indispensable finding before liability may be imposed under Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877)—or that Latham had neither actual nor constructive notice of ice on the awning or that a present danger existed that part of the ice would break off and fall—notice being a necessary element before liability may be imposed under either Labor Law § 200 or common-law negligence (*see, Bailey v Irish Dev. Corp.*, 274 AD2d 917, 920-921)—defendant submitted no evidence on these issues. Thus, summary judgment was properly denied on the negligence theories. We reject Latham's argument that it is entitled to dismissal of these causes of action as a matter of law since plaintiff admits observing the ice buildup on the awning. While it is well settled that liability under either theory cannot be imposed where the dangerous condition is readily observable (*see, Bombard v Central Hudson Gas & Elec. Co.*, 229 AD2d 837, 838, *lv dismissed and denied* 89 NY2d 854), here there is no evidence that plaintiff knew or could have discovered that the ice buildup on the awning presented a present danger of falling. On the contrary, the evidence establishes an inability to break the ice free from the awning.

We reach a different conclusion, however, with respect to the application of the strict liability provisions of Labor Law § 240 (1) and § 241 (6) to the facts of this case. Labor Law § 240 (1) requires owners and contractors to provide proper protection to workers employed on a construction site (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-513). This statute, however, is intended to provide protection from only those hazards fairly characterized as involving elevation-related risks, by requiring the furnishing of the types of safety devices specified in the statute. Such risks arise when the worksite is at an appropriately elevated location or when the worksite is positioned below the level where materials are being hoisted or secured (*see, id.*, at 514). The mere fact that a worker was struck by a falling object does not, by itself, establish a violation of Labor Law § 240 (1) (*see, Carringi v International Paper Co.*, 184 AD2d 137, 140). Here, plaintiff had completed his attempts to remove ice from the awning, which he had performed at ground level (*cf., Nephew v Barcomb*, 260 AD2d 821;

*Douglass v Rental Props.*, 248 AD2d 863; *Vernum v Zilka*, 241 AD2d 885), and was performing routine maintenance in the parking lot when he was struck and injured by the falling block of ice. Under such circumstances, Labor Law § 240 (1) is inapplicable.

Next, we conclude that the cause of action predicated on Labor Law § 241 (6) should also have been dismissed. To be afforded the protection of this statute, the worker must be engaged in construction, excavation or demolition which has an impact on the "structural integrity of the building or structure or was an integral part of the construction of a building or structure" (*Walton v Devi Corp.*, 215 AD2d 60, 63, *lv denied* 87 NY2d 809). Here, the activities of plaintiff in the performance of his work had no impact on the structural integrity of the building. Moreover, to establish a cause of action under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant has violated a duty imposing specification of the industrial code, not just a general safety standard (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505). Consequently, plaintiffs' allegation that Latham violated the 12 NYCRR 23-1.8 (c) (1), the general regulation which requires wearing protective headgear where there is danger that a worker will be struck by a falling object or will bump his head, states no cause of action under Labor Law § 241 (6). In any event, plaintiffs have failed to demonstrate that this regulation has any application to the facts of this case.

We have examined plaintiffs' remaining contentions and find them to be without merit.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Latham Four Partnership for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action; said motion granted to that extent and said causes of action are dismissed against said defendants; and, as so modified, affirmed.