■ EUGENIA SWIDERSKA, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [824 NYS2d 133]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated January 18, 2005, which granted the defendants' respective cross motions for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied her motion for summary judgment on that cause of action.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was injured when she fell from a height of approximately three feet while using a rag and Windex to clean the inside portion of a window in the defendants' dormitory building. At the time of the incident, the plaintiff, part of a cleaning crew employed to clean the interior part of the dormitory, was standing on a bed in order to reach the window.

Liability under Labor Law § 240 (1) is contingent on "the existence of a hazard contemplated in [that section] and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). One of the activities enumerated in the statute is the cleaning of a building or a structure (*see* Labor Law § 240 [1]). Although this Court has held that Labor Law § 240 (1) applies to window cleaners who are subjected to elevation-related risks inherent in their work, the statute does not apply to truly domestic cleaning or routine maintenance (*see Williamson v 16 W. 57th St. Co.*, 256 AD2d 507, 509 [1998]; *Koch v E.C.H. Holding Corp.*, 248 AD2d 510 [1998]).

The plaintiff was cleaning windows from a height of three feet with a rag and glass cleaner. This is routine maintenance which Labor Law § 240 (1) does not protect (*see Diaz v Applied Digital Data Sys.*, 300 AD2d 533 [2002]; *Machado v Triad III Assoc.*, 274 AD2d 558 [2000]). Accordingly, the Supreme Court correctly granted the defendants' respective cross motions for summary judgment. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.