■ JOSEPH SANFILIPPO, Appellant, v CITY OF NEW YORK, Respondent. [657 NYS2d 423] —Order, Supreme Court, New York County (Walter Tolub, J.), entered August 14, 1996, which granted plaintiff's motion to renew and reargue the prior order, same court and Justice, entered April 11, 1996, granting defendant's motion to amend its answer to include the affirmative defense of exclusivity of workers' compensation and for summary judgment based on that defense, and, upon renewal and reargument, adhered to the prior order, unanimously modified, on the law, to deny defendant's motion for summary judgment based on said affirmative defense and, except as thus modified, affirmed, without costs or disbursements. Appeal from the order of the same court and Justice, entered April 11, 1996, unanimously dismissed as superseded by the appeal from the order of August 14, 1996.

The motion to amend the answer was properly granted, there being no showing of prejudice resulting from the delay in asserting the exclusivity of workers' compensation as an affirmative defense (*see, Murray v City of New York*, 43 NY2d 400; *Caceras v Zorbas*, 74 NY2d 884). The companion motion for summary judgment, however, was improperly granted upon a finding that plaintiff was defendant's special employee as a matter of law. A finding of special employment is justified only where the special employer exerts complete and exclusive control over the purported special employee, as to whom the general employer has relinquished all control. (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557; *Wawrzonek v Central Hudson Gas & Elec. Corp.*, 276 NY 412, 419.) Here, there are questions of fact as to, *inter alia*, who—Gotham Building Maintenance, plaintiff's general employer, or the City, the purported special employer—supervised and controlled plaintiff's work and set the qualifications and conditions of employment. Contrary to the IAS Court's holding, the contract between the City and Gotham does not, as a matter of law, settle the question. (*See, e.g., Thompson v Grumman Aerospace Corp., supra*, at 559-560.) Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.