■ THOMAS EKERE et al., Respondents, v AIRMONT INDUSTRIAL PARK et al., Respondents-Appellants. AIRMONT INDUS-

TRIAL PARK et al., Third-Party Plaintiffs-Respondents-Appellants, v BRIKER CORP., Third-Party Defendant-Appellant-Respondent. [671 NYS2d 476] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered December 2, 1996, which granted plaintiffs' motion for partial summary judgment against defendants other than the Holiday Inns franchising defendants on the issue of liability under Labor Law § 240 (1) and denied third-party defendant Briker Corp.'s cross motion for summary judgment dismissing the complaints of plaintiffs and third-party plaintiffs, unanimously affirmed, without costs.

Plaintiff Thomas Ekere, who was injured when he fell from a ladder while cleaning an awning with a pressure cleaning machine and a brush, was entitled to the protection of Labor Law § 240 (1) (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *Bustamante v Chase Manhattan Bank*, 241 AD2d 327; *Buendia v New York Natl. Bank*, 223 AD2d 456, *lv denied* 91 NY2d 812). Although the ladder did not break or fall during the incident, it is undisputed that no block, wood or rubber guards were placed under the ladder, which was positioned on uneven gravel and grass by plaintiff and his employer, the third-party defendant. No scaffolding was erected, nor was plaintiff provided with other safety devices. Although plaintiff's employer held the ladder while plaintiff climbed up, he thereafter departed, leaving plaintiff unprotected while he performed his duties. Such circumstances constituted a violation of Labor Law § 240 (1), as to which absolute liability was properly found (*Gordon v Eastern Ry. Supply, supra*; *Guillory v Nautilus Real Estate*, 208 AD2d 336, *appeal dismissed* 86 NY2d 881; *and see, Urrea v Sedgwick Ave. Assocs.*, 191 AD2d 319). Although defendants and third-party defendant contend that issues of fact exist with respect to the manner in which the accident occurred and as to whether any purported violations of the Labor Law were the proximate cause of plaintiff's injury, since the violations of the statute were a " 'substantial cause of the events which produced the injury' " (*Gordon v Eastern Ry. Supply, supra*, at 562, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315) and a worker's contributory negligence does not mitigate liability for violation of Labor Law § 240 (*Bland v Manocherian*, 66 NY2d 452, 460; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *La Lima v Epstein*, 143 AD2d 886, 888), Supreme Court's grant of plaintiffs' motion for partial summary judgment was proper. Concur—Rosenberger, J. P., Rubin, Williams, Tom and Saxe, JJ.