■ CARLOS ANGELUCCI, Respondent, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. GOTHAM BUILDING MAINTENANCE CORPORATION, Third-Party Defendant-Appellant. [671 NYS2d 1010] —In an action to recover damages for personal injuries, etc., the third-party defendant Gotham Building Maintenance Corporation appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), entered March 20, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint as barred by the Workers' Compensation Law.

Ordered that the order is affirmed insofar as appealed from, with costs.

The trial court properly denied the motion of the third-party defendant Gotham Building Maintenance Corporation (hereinafter Gotham) for summary judgment as there is a question of fact regarding the employment status of the plaintiff and thus whether the action is barred pursuant to the Workers' Compensation Law (*see, Mathew v Marriott Facility Mgt.*, 224 AD2d 668). The question of whether a special employment relationship exists is usually an issue of fact, and the issue may in some cases turn on the terms of a written contract (*see, Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558). Given the conflicting provisions of the contract between Gotham and the defendant third-party plaintiff, the City of New York, an issue of fact remains as to the plaintiff's employment relationship with them, which could not be resolved on a summary judgment motion (*see, Mathew v Marriott Facility Mgt., supra*, at 668).

Gotham's remaining contentions are without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.