■ ANTHONY FOX, Respondent, v BROZMAN-ARCHER REALTY SERVICES, INC., Respondent, and LASALA MANAGEMENT, INC.,

Respondent-Appellant. BROZMAN-ARCHER REALTY SERVICES, INC., Third-Party Plaintiff-Respondent, v MONARCH CONDOMINIUM ASSOCIATES, Third-Party Defendant-Appellant-Respondent. [698 NYS2d 654] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about July 29, 1998, which, *inter alia*, granted plaintiff's motion for partial summary judgment as to liability against defendants on his Labor Law § 240 (1) claim, and order, same court and Justice, entered on or about January 8, 1999, which, to the extent appealable, denied Monarch Condominium Associates' (Monarch) motion to renew, unanimously affirmed, without costs. Appeal from that part of the order, entered on or about July 29, 1998, which, upon the default of third-party defendant Monarch granted the motion of third-party plaintiff Brozman-Archer Realty Services, Inc. (Brozman) for summary judgment on its common-law indemnity claim against Monarch and appeal from that portion of an order, same court and Justice, entered on or about January 8, 1999, denying reargument, unanimously dismissed, without costs, in the former case because an aggrieved party may not appeal from an order entered on its default (CPLR 5511), and in the latter, because no appeal lies from the denial of reargument.

Plaintiff, a maintenance worker employed by Monarch, was injured when he fell from a ladder which slipped while he was power-washing the plexiglas canopy of Monarch's residential condominium premises. Monarch had retained defendant LaSala Management, Inc. (LaSala) to act as managing agent for the building and LaSala, in turn, subcontracted the management of the facilities to Brozman.

Plaintiff was entitled to the protection of Labor Law § 240 (1) since at the time of his accident he was engaged in the "cleaning * * * of a building" (*see, Chapman v International Bus. Machs. Corp.*, 253 AD2d 123; *Ekere v Airmont Indus. Park*, 249 AD2d 104). Although *Chapman* and *Ekere* involved commercial buildings, their holdings are nonetheless applicable since the power-washing of the plexiglas canopy affixed over the entry to the subject condominium premises does not fall under the rubric of " 'truly domestic' " household cleaning (*Vernum v Zilka*, 241 AD2d 885, 886), nor was plaintiff's work being performed for a residential unit owner, distinguishing the matter from *Brown v Christopher St. Owners Corp.* (87 NY2d 938).

The motion court correctly found LaSala to be a statutory agent within the meaning of Labor Law § 240 (1) since the management contract vested LaSala with authority to supervise the injury-producing work. The fact that LaSala, for

purposes of Workers' Compensation, does not exercise the authority it had is irrelevant to the determination of whether it was a statutory agent (*see, Doyne v Barry, Bette & Led Duke*, 246 AD2d 756). The IAS Court's prior, unappealed determination that plaintiff was not a "special employee" of LaSala does not require a different conclusion. "A finding of special employment is justified only where the special employer exerts complete and exclusive control over the purported special employee, as to whom the general employer has relinquished all control" (*Sanfillipo v City of New York*, 239 AD2d 296). By contrast, in determining statutory agency, it is the right to control that is dispositive (*see, Gonzalez v Lovett Assoc.*, 228 AD2d 342).

Monarch's appeal from the denial of its motion for renewal is without merit since the purportedly new information on which its motion for renewal was premised was available to Monarch at the time of initial motion (*see, Foley v Roche*, 68 AD2d 558, 568).

We have examined the parties' other arguments for affirmative relief and find them unpersuasive. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.