282

■ FELIX ERAZO et al., Appellants, v 136 EAST MANAGEMENT, INC., et al., Respondents. [754 NYS2d 638] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 4, 2001, which, in an action by a building handyman against the building's owner and management company for personal injuries sustained when he fell off a ladder, upon defendants' motion for summary judgment dismissing the complaint, insofar as appealed from as limited by the briefs, dismissed the complaint as against the management company as barred by the Workers' Compensation Law, and denied plaintiffs' cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Conceding that he should not have sued the building owner, plaintiff contends that he was the building owner's employee and that his duties were not so directed or controlled by the management company as would make him the latter's special employee. The motion court correctly found to the contrary. The record establishes that the management company, through an on-site agent, exercised virtually complete and exclusive supervisory control over plaintiff and his immediate supervisor, the building's superintendent, also a general employee of the building owner, including the right to hire and fire. Other than paying plaintiff's wages, which plaintiff picked up from the management company, it does not appear that the building owner exercised any supervision or control over plaintiff and the superintendent (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557-558; Brunetti v City of New York, 286 AD2d 253). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.