*60 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
It was uncontroverted at the framed issue hearing in this matter, held to determine whether plaintiff Anthony Bono was a special employee of defendant, that “all essential, locational and commonly recognizable components of the work relationship” were between Bono and the City of New York (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]). Representatives of the City’s Department of Housing Preservation and Development (HPD) testified that HPD had complete control over hiring, firing and discipline of workers in Bono’s position, that HPD employees assigned all work to be done, and that although personnel of plaintiff Anthony Bono’s general employer would at times sign off on and/or convey a work order, HPD employees were solely responsible for assigning work in the first instance (see e.g. Erazo v 136 E. Mgt, 302 AD2d 282 [2003]; Brunetti v City of New York, 286 AD2d 253 [2001]). Thus, the court below properly found that Bono’s testimony that at times a dispatcher employed by the general employer (working under HPD’s control) would assign work to him was not sufficient to overcome HPD’s evidence of direct control of plaintiffs work.
Plaintiffs object that categorization as a special employee is generally a question of fact (see generally Thompson, 78 NY2d at 557-558), and thus should not have been decided by the court following the framed issue hearing. However, the use of such a hearing to resolve clearly defined issues is specifically contemplated in statutory and case law (see e.g. CPLR 2218, 3212 [c]; see also e.g. Matter of Transportation Ins. Co. v Phillips, 222 AD2d 683 [1995]). In addition, plaintiffs’ objection that the hearing was improperly held was raised for the first time in their reply brief (see State Farm Fire & Cas. Co. v LiMauro, 103 AD2d 514, 521-522 [1984]).
Plaintiff Anthony Bono was properly held to be a special employee of the City even though the contract between his general employer and the City defines individuals in plaintiffs position as “exclusively employees of the Contractor and not for any purpose or in any manner to be in the employment of HPD or the City.” While a contract’s terms may on occasion resolve the special employment issue as a matter of law (see Braxton v Mendelson, 233 NY 122 [1922]), generally, where, as here, a contract *61 does not specifically define or resolve the issue of special employment, factfinder assessment of the employee’s actual relationship must be undertaken to ascertain whether special employment status exists (Thompson, 78 NY2d at 560; see also Angelucci v City of New York, 250 AD2d 716 [1998]; Sanfilippo v City of New York, 239 AD2d 296 [1997]). In this regard, we note that Angelucci, in which the Second Department held that a question of fact existed as to special employment on essentially identical contractual terms, is readily distinguishable, as the special employment issue of fact was litigated at the framed issue hearing in the present case, unlike the case in Angelucci, which involved a summary judgment motion on papers. It is the ultimate resolution of the special employment issue, in this case at the framed issue hearing, resulting in dismissal of the complaint, that we now affirm.
Pesce, EJ., Aronin and Patterson, JJ., concur.