■ ROBERTO ALVAREZ, Appellant, v CUNNINGHAM ASSOCIATES, L.P., et al., Defendants and Third-Party Plaintiffs-Respondents. ARLEN MAINTENANCE CORP., Third-Party Defendant-Respondent. [800 NYS2d 730]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 19, 2003, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground of the exclusivity of the workers' compensation remedy and, in effect, denied that branch of his cross motion which was for partial summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

When an employee elects to receive workers' compensation benefits from his general employer, a special employer is shielded from an action at law commenced by the employee (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 555 [1991]; *Abuso v Mack Trucks*, 174 AD2d 590 [1991]; *Richiusa v Kahn Lbr. & Millwork Co.*, 148 AD2d 690, 692 [1989]). A special employee is defined as

"one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp., supra* at 557). Principal factors in determining whether a special relationship exists include the right to control the work of the employee, the method of his or her payment, the furnishing of equipment, the right to discharge the employee, and the relative nature of the work (*see Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787-788 [1996]). The key to the determination is "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp., supra* at 558).

Under the circumstances, the defendants, Cunningham Associates, L.P. (hereinafter Cunningham), and Wen Management Corp. (hereinafter Wen), had exclusive control and direction of the manner, details, and ultimate result of the plaintiff's work on the date of the subject accident. Thus, as a matter of law, the plaintiff was a special employee of Cunningham at that time. Because the plaintiff received workers' compensation benefits, he is barred from maintaining an action at law against Cunningham, his special employer. Moreover, Wen shares the immunity that the Workers' Compensation Law confers upon Cunningham, because Wen was serving as Cunningham's managing agent when the accident occurred (*see Seudath v Mott*, 202 AD2d 658 [1994]; *Lindner v Kew Realty Co.*, 113 AD2d 36 [1985]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's motion for partial summary judgment.

The parties' remaining contentions are either without merit or have been rendered academic in light of our determination. Prudenti, P.J., Florio, Schmidt and Crane, JJ., concur.