■ FERNANDA NAVARRETE, Respondent, v A & V PASTA PRODUCTS, INC., Appellant. (And a Third-Party Action.) [821 NYS2d 268]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 7, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

While cleaning a pasta-making machine at work, the plaintiff allegedly was injured when the blade used to cut the pasta came down on her hand. The defendant A & V Pasta Products, Inc. (hereinafter A & V), moved for summary judgment on the ground that it was the plaintiff's employer, and she was thus barred by the Workers' Compensation Law from bringing this action. The plaintiff opposed the motion, arguing that another entity, Greene County Importing Corporation (hereinafter Greene County), which had the same shareholders and officers as A & V, was her employer. The Supreme Court denied the motion, finding that there was a triable issue of fact as to the identity of the plaintiff's employer.

The Supreme Court erred in denying the defendant's motion for summary judgment. Even assuming that the plaintiff was employed by Greene County, the defendant submitted sufficient proof to demonstrate as a matter of law that the plaintiff was its special employee. Preliminarily and contrary to the plaintiff's contention, the special employment issue was properly before the Supreme Court as the issue was initially raised by the plaintiff in her opposition to the motion for summary judgment. Therefore, it could be addressed by the defendant in its reply papers and was not a new argument introduced for the first time in reply (see *Matter of Harleysville Ins. Co. v Rosario,* 17 AD3d 677 [2005]).

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 557 [1991]). The factors to be considered in determining whether a special employment relationship exists include the right to control the employee's work, the method of payment, the furnishing of equipment, the right to discharge the employee, and the relative nature of the work (see *Alvarez v Cunningham Assoc., L.P.,* 21 AD3d 517, 518 [2005]). "The key to the determination is 'who controls and directs the manner, details and ultimate result of the employee's work' " (*id.* at 518, quoting *Thompson v Grumman Aerospace Corp., supra* at 558).

Here, the plaintiff stated, in her affidavit, that her employer, Greene County, would "lend" her out to A & V, a manufacturer of pasta products. During the month before her accident, the plaintiff had been working in the pasta factory as a member of a crew that made pasta. Her bosses were named Chris and Anthony, apparently a reference to Christopher Rezza and Thomas Gioiella, who were officers and shareholders in both A & V and Greene County. They told her what particular job to do, what machine to work on and what to do with the pasta. However, Rezza affirmed that Greene County had no employees, and that the pasta-making equipment was owned by A & V. Clearly, the work being performed by the plaintiff at the time of her injury was in furtherance of A & V's business, and A & V had exclusive control and direction of the manner, details, and ultimate result of the plaintiff's work on the date of the subject accident. Thus, as a matter of law, the plaintiff was a special employee of the defendant at that time. Because the plaintiff received workers' compensation benefits, she is barred from maintaining an action at law against the defendant, her special employer (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp., supra* at 555).

The defendant's remaining contentions either are raised for the first time on appeal and thus not properly before this Court (*see Carrillo v PM Realty Group,* 16 AD3d 611 [2005]), or have been rendered academic in light of our determination. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.