■ EROL UGIJANIN, Respondent, v 2 WEST 45TH STREET JOINT VENTURE, Defendant, and JOSEPH P. DAY REALTY CORP., Appellant. [841 NYS2d 611]—

In a consolidated action to recover damages for personal injuries, the defendant Joseph P. Day Realty Corp. appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered July 20, 2006, as, upon a decision of the same court made after a hearing, inter

alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from so much of an order of the same court entered May 24, 2006, as granted the plaintiff's motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law in his favor and, in effect, denied its cross motion pursuant to CPLR 4401, made at the close of evidence, for judgment dismissing the complaint insofar as asserted against it for the plaintiff's failure to establish a prima facie case.

Ordered that the order entered July 20, 2006 is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Joseph P. Day Realty Corp. is granted, and the order entered May 24, 2006 is vacated; and it is further,

Ordered that the appeal from the order entered May 24, 2006 is dismissed as academic in light of our determination of the appeal from the order entered July 20, 2006; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff was injured while working as a porter in a building (hereinafter the building) owned by the defendant 2 West 45th Street Joint Venture (hereinafter 2 West). The plaintiff was employed by 2 West, and received workers' compensation benefits from 2 West.

In his complaint, the plaintiff alleged that the defendant Joseph P. Day Realty Corp. (hereinafter JPD) was the managing agent of the building, that JPD "controlled," "possessed," "managed," and "maintained" the building, and that his injuries were caused by JPD's negligent maintenance, management, and control. The defendants together moved for summary judgment dismissing the complaint arguing, inter alia, that the plaintiff was a special employee of JPD and that, therefore, the Workers' Compensation Law shielded JPD from liability for negligence. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against JPD. We reverse.

When an employee elects to receive workers' compensation benefits from his general employer, a special employer is shielded from an action at law commenced by the employee (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 559-560 [1991]; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517 [2005]). A special employee is described as "one who is transferred for a limited time of whatever duration to the service of another" (*Thompson v*

*Grumman Aerospace Corp., supra* at 557; *see Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]). Principal factors in determining the existence of a special employment relationship include who has the right to control the employee's work, who is responsible for the payment of wages and the furnishing of equipment, who has the right to discharge the employee, and whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Alvarez v Cunningham Assoc., L.P., supra* at 518; *Schramm v Cold Spring Harbor Lab., supra* at 662). The key to the determination is "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp., supra* at 558).

Here, the defendants made a prima facie showing that the plaintiff was a special employee of JPD. They supported their motion with deposition testimony establishing that the plaintiff received his daily work assignments from the building's superintendent, and that the superintendent was both a JPD employee and the plaintiff's only supervisor. Moreover, the superintendent testified at his deposition that his own "boss" or "manager" was also a JPD employee. Finally, the defendants submitted an affidavit of the president of JPD, in which he averred that JPD was required to hire, supervise, and fire all building employees pursuant to the written management agreement between 2 West and JPD . The evidence that JPD had the exclusive authority to supervise and control all aspects of the plaintiff's work and to fire him established JPD's prima facie entitlement to judgment as a matter of law on the ground that it was his special employer (*see Martinez v Fifty Two W. Seventy Seventh St. Corp.*, 39 AD3d 503 [2007]; *Erazo v 136 E. Mgt.*, 302 AD2d 282 [2003]; *Gubitosi v National Realty Co.*, 247 AD2d 512 [1998]; *Richiusa v Kahn Lbr. & Millwork Co.*, 148 AD2d 690, 692 [1989]; *Cameli v Pace Univ.*, 131 AD2d 419, 420-421 [1987]). In opposition to the defendants' showing in this regard, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against JPD.

In light of our determination, we need not reach the appellant's remaining contentions. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.