■ JOHN J. GRAZIANO et al., Appellants, v 110 SAND COMPANY, Respondent, et al., Defendants. [855 NYS2d 203]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated December 12, 2006, as granted that branch of the motion of the defendant 110 Sand Company which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondent.

This action arises out of an accident that occurred on January 21, 2005. Beginning approximately three years prior to that date, the injured plaintiff was employed as a truck driver by Horan Sand & Gravel (hereinafter Horan), which was in the business of "leasing" its trucks and drivers to construction contractors. For approximately 1½ years immediately preceding the accident, the injured plaintiff was assigned by Horan to work at the Melville, New York, work site of the defendant 110 Sand Company (hereinafter 110 Sand). He reported each day directly to that work site, where he was provided with vehicles to drive and given tasks to perform by the 110 Sand foreman or his assistant. On the day of the accident, working at the Melville work site, the injured plaintiff was driving the off-road dump truck provided to him by 110 Sand when he backed the vehicle

over an embankment and was injured. Unable to work because of his injuries, he elected to accept workers' compensation benefits through Horan.

Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against, among others, 110 Sand. 110 Sand moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against it on the ground that the plaintiff was its "special employee" and that his acceptance of workers' compensation benefits from Horan was a bar to the personal injury action against 110 Sand. In opposition to the motion, the injured plaintiff submitted, inter alia, an affidavit purporting to correct testimony from his examination before trial. Specifically, he averred, contrary to his deposition testimony, that, throughout the time he worked at the 110 Sand work site, he maintained daily telephone contact with Horan, and met regularly with its president to discuss the quality of his work as well as the work of the three or four other Horan employees assigned to 110 Sand. The Supreme Court granted the motion. We affirm the order insofar as appealed from.

A person may be deemed to have more than one employer and may, while employed by one entity, also be a special employee of another (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). A special employee is defined as "one who is transferred for a limited time of whatever duration to the service of another" (*id.* at 557; *see Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d 911, 913 [2007]). Although many factors are weighed in deciding whether a special employment relationship exists, courts have focused on the "significant and weighty" factor of "who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]). Another factor is whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d at 913; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]).

Here, in support of its motion for summary judgment, 110 Sand submitted evidence sufficient to establish, prima facie, that the plaintiff was its special employee (*see Roberson v Moveway Transfer & Stor.*, 44 AD3d 839, 840 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*id.*; *see Spencer v Crothall Healthcare, Inc.*, 38 AD3d 527, 528 [2007]). The plaintiff's affidavit submitted in opposition to the motion contradicted his deposition testimony, and therefore the

Supreme Court properly disregarded it (*see Stancil v Supermarkets Gen.*, 16 AD3d 402, 402-403 [2005]; *Marcelle v New York City Tr. Auth.*, 289 AD2d 459 [2001]). Thus, 110 Sand established as a matter of law that the injured plaintiff was its special employee.

The Workers' Compensation Law provides that an employee who elects to receive workers' compensation benefits may not sue his or her employer in an action at law for the injuries sustained (*see* Workers' Compensation Law §§ 11, 29 [6]). Moreover, this provision has been applied to shield special employers as well, so that an injured worker who elects to receive workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 358-359 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 555, 560; *Navarrete v A & V Pasta Prods., Inc*, 32 AD3d at 1005).

Accordingly, the Supreme Court properly granted that branch of 110 Sand's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.