In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered January 14, 2008, as granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Savino Maintenance, LLC, and Michael J. Savino Management.
Ordered that the order is affirmed insofar as appealed from, with costs.
Workers’ Compensation Law §§11 and 29 (6) provide that an employee who elects to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. These exclusivity provisions also have been applied to shield persons or entities other than the injured plaintiffs direct employer from suit, including special employers (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351 [2007]; Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]). Thus, an injured person who elects to receive Workers’ Compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 358-359 [2007]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 560 [1991]). Although many factors are considered in determining whether a special employment arrangement exists, significant weight is placed upon “who controls and directs the manner, details and ultimate result of the employee’s work” (Thompson v Grumman Aerospace Corp., 78 NY2d at 558; see Altinma v East 72nd Garage Corp., 54 AD3d 978 [2008]; Graziano v 110 Sand Co., 50 AD3d 635 [2008]). Other relevant factors include who is responsible for the payment of wages, who furnishes the worker’s equipment, who had the right to hire and discharge the worker, and whether the work being performed was in furtherance of the special employer’s or the general employer’s business (see Navarrete v A & V Pasta Prods., Inc., 32 AD3d 1003 [2006]; Perkins v Dryden Ambulance, Inc., 31 AD3d 859 [2006]; Alvarez v Cunningham Assoc., L.P., 21 AD3d 517, 518 [2005]; Matthews v Town of Morristown, 286 AD2d 535 [2001]).
The defendants Savino Maintenance, LLC, and Michael J. Savino Management (hereinafter together the Savino defen *706 dants), made a prima facie showing that they were entitled to summary judgment on the ground that the plaintiff was their special employee. In support of the motion, the Savino defendants submitted the deposition testimony of one of their principals, which established that they hired the plaintiff to perform brick-pointing work on an apartment building which they managed and maintained, that the plaintiff was supervised by one of their direct employees, that they had the exclusive authority to discharge the plaintiff, that they provided the plaintiff with the equipment necessary to perform his work, and that the work performed was in furtherance of their responsibility to provide management and maintenance services for the apartment building (see Roberson v Moveway Transfer & Stor., 44 AD3d 839 [2007]; Ugijanin v 2 W. 45th St. Joint Venture, 43 AD3d 911 [2007]; Navarrete v A & V Pasta Prods., Inc., 32 AD3d 1003 [2006]; Gherghinoiu v ATCO Props. & Mgt., Inc., 32 AD3d 314 [2006]; Martinez v Fifty Two W. Seventy Seventh St. Corp., 39 AD3d 503 [2007]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly concluded that the plaintiffs receipt of Workers’ Compensation benefits from his general employer precludes his action against the Savino defendants. Rivera, J.E, Lifson, Eng and Chambers, JJ., concur.