■ GERASIMOS VOULTEPSIS et al., Respondents-Appellants, v GUMLEY-HAFT-KLIERER, INC., Defendant, and GUMLEY-HAFT LLC, Appellant-Respondent. [875 NYS2d 74]—

Order, Supreme Court, New York County (Joan Madden, J.), entered July 14, 2008, which denied defendant-appellant's motion for summary judgment dismissing the complaint, and denied plaintiffs' motion for partial summary judgment on the

issue of liability on their claim under Labor Law § 240 (1), to strike appellant's affirmative defense based on the Workers' Compensation Law, and to strike appellant's answer as a sanction for spoliation of evidence, unanimously modified, on the law, plaintiffs' motion granted solely to the extent of striking appellant's affirmative defense based on the Workers' Compensation Law, and otherwise affirmed, without costs.

This action arises out of an accident in a cooperative apartment building, where plaintiff was the superintendent, his employer was the cooperative corporation, and appellant was the building's managing agent pursuant to an agreement with the cooperative corporation. Plaintiff was injured when, while replacing a wooden floor in the building's subbasement, the ladder he was using slid, causing him to fall to the ground.

On plaintiffs' claim under Labor Law § 240 (1), appellant can be held liable only if it was a "statutory agent" of the owner. Statutory agency turns on the authority to supervise and control the employee (*see Fox v Brozman-Archer Realty Servs.*, 266 AD2d 97, 98-99 [1999]), and "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). Here, the motion court properly contrasted evidence that appellant was responsible for overseeing such special projects as the floor replacement, and that its employee assigned to manage the building had a role in ensuring that such projects were done safely, with proof that such authority was limited. Accordingly, there are questions of fact as to the "scope" of appellant's "oversight and control of the work" for statutory agency purposes (*see Aponte v City of New York*, 55 AD3d 485 [2008]). The record also presents triable issues regarding plaintiffs' claim under Labor Law § 200, both as to whether appellant had the authority to control the activity that brought about plaintiff's alleged injury, and as to whether appellant had actual or constructive notice of the alleged dangerous condition (*see e.g. Fresco v 157 E. 72nd St. Condominium*, 2 AD3d 326, 328 [2003], *lv dismissed* 3 NY3d 630 [2004]).

The Workers' Compensation Law defense, however, turns on the actual exercise by the defendant of authority to control plaintiff employee's work (*see Fox*, 266 AD2d at 99). The putative special employer must demonstrate that its actual working relationship with plaintiff employee allowed it to control and direct "the manner, details and ultimate result of" plaintiff's work, and determine "all essential, locational and commonly recognizable components" of that work (*Bautista v David*

*Frankel Realty, Inc.*, 54 AD3d 549, 550 [2008] [internal quotation marks and citations omitted]). Here, appellant essentially concedes that it lacked the required level of control, and the record fails to raise any question of fact on the point.

Denial of plaintiffs' motion to strike appellant's answer as a sanction for spoliation of evidence was a provident exercise of discretion, where appellant explained that it searched for the requested documents and could not find them (*see Positive Influence Fashions, Inc. v Seneca Ins. Co.*, 43 AD3d 796 [2007]; *Diaz v Rose*, 40 AD3d 429, 430 [2007]). Concur—Tom, J.P., Saxe, Sweeny and Freedman, JJ. [*See* 2008 NY Slip Op 31964(U).]