(August 25, 2009)

AVONDA BENN, Respondent, v LOSQUADRO ICE COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. UTICA RESTAURANT CORP., Defendant and Third-Party Defendant-Appellant, et al., Defendant and Third-Party Defendant. [886 NYS2d 32]—

In an action to recover damages for personal injuries, the defendant third-party defendant Utica Restaurant Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 17, 2008, as denied its cross motion pursuant to CPLR 3211 (a) (2) to dismiss the amended third-party complaint insofar as asserted against it, pursuant to CPLR 3211 (a) (5) to dismiss the second amended complaint insofar as asserted against it, and for sum-

mary judgment dismissing the second amended complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of Utica Restaurant Corp. which was pursuant to CPLR 3211 (a) (2) to dismiss the amended third-party complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff was injured on June 20, 2003, when she slipped and fell while working at a restaurant known as Orin's Seafood Hideaway, located at 1683 Utica Avenue in Brooklyn. She commenced this negligence action against, among others, the defendant Losquadro Ice Company, Inc. (hereinafter Losquadro), the owner of the subject premises. Losquadro commenced a third-party action against the defendant third-party defendant Foodsaver New York, Inc., also known as Orin's Seafood Hideaway (hereinafter Foodsaver). The plaintiff filed an amended complaint on April 11, 2006, adding Foodsaver as a defendant in the action. In its answer to the third-party complaint, Foodsaver disclosed that it had subleased a portion of the subject premises to the appellant Utica Restaurant Corp. (hereinafter Utica). On June 9, 2006, Losquadro served the parties and Utica with an amended third-party complaint, which joined Utica as a third-party defendant. On September 5, 2006, the plaintiff filed a second amended complaint which joined Utica as a direct defendant.

It is the filing of a supplemental summons and complaint which commences an action against a newly-joined defendant or a third-party defendant (*see* CPLR 305 [a]; *Perez v Paramount Communications*, 92 NY2d 749, 756 [1999]; *Tricoche v Warner Amex Satellite Entertainment Co.*, 48 AD3d 671, 673 [2008]; *Matter of Williams v County of Genesee*, 306 AD2d 865, 867 [2003]). It is undisputed that Losquadro's amended third-party complaint was never filed with the court. Therefore, that branch of Utica's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the amended third-party complaint insofar as asserted against it should have been granted.

Contrary to Utica's contention, however, it was not entitled to dismissal pursuant to CPLR 3211 (a) (5) of the plaintiff's second amended complaint insofar as asserted against it. A claim asserted against a defendant in an amended filing may relate back to claims previously asserted against a codefendant for statute of limitations purposes where the two defendants are "united in interest" (CPLR 203 [c]; *see Buran v Coupal*, 87 NY2d 173

[1995]; *Brock v Bua*, 83 AD2d 61 [1981]). The deposition testimony of Orin Tucker, the owner of both Foodsaver and Utica, demonstrated that the relationship between the two companies was such that Utica could be charged with notice of the institution of the action under this doctrine and would not be prejudiced in maintaining its defense on the merits (*see Buran v Coupal*, 87 NY2d at 178; *Brock v Bua*, 83 AD2d at 69).

In addition, Utica was not entitled to summary judgment dismissing the second amended complaint insofar as asserted against it. Contrary to its assertion, Utica failed to make a prima facie showing that the plaintiff was a special employee who was transferred from Foodsaver to Utica's service (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d 911, 912 [2007]; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661, 662 [2005]). Accordingly, Utica failed to demonstrate that it was a special employer shielded by the plaintiff's receipt of workers' compensation benefits as an employee of Foodsaver (*see* Workers' Compensation Law § 29 [6]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d at 559-560; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d at 913; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517 [2005]). Spolzino, J.P., Skelos, Dillon and Covello, JJ., concur.