**13** DONALD GAYNOR, Appellant, v CASSONE LEASING, INC., Respondent. [914 NYS2d 241]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), entered December 22, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who elects to receive compensation benefits may not sue his or her employer in an action at law for the injuries sustained. The exclusive remedy provided by the Workers' Compensation Law has also been applied to shield persons or entities other than the injured plaintiff's direct employer from suit, including special employers (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 357-358 [2007]; Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]; Balamos v Elmhurst Realty Co. I, LLC, 56 AD3d 705 [2008]; Altinma v East 72nd Garage Corp., 54 AD3d 978, 981 [2008]; Graziano v 110 Sand Co., 50 AD3d 635, 636 [2008]; Ugijanin v 2 W. 45th St. Joint Venture, 43 AD3d 911, 912-913 [2007]; Navarrete v A & V Pasta Prods., Inc., 32 AD3d 1003, 1004 [2006]; Kramer v NAB Constr. Corp., 282 AD2d 714, 715 [2001]; Abuso v Mack Trucks, 174 AD2d 590, 590-591 [1991]). Thus, an injured person who elects to receive Workers' Compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (see Fung v Japan Airlines Co., Ltd., 9 NY3d at 358-359; Thompson v Grumman Aerospace Corp., 78 NY2d at 560; Balamos v Elmhurst Realty Co. I, LLC, 56 AD3d at 705).

Here, in support of its motion for summary judgment, the defendant submitted evidence sufficient to establish, prima facie, that the plaintiff was its special employee (see Balamos v Elmhurst Realty Co. I, LLC, 56 AD3d at 706; Altinma v East 72nd Garage Corp., 54 AD3d at 981; Graziano v 110 Sand Co., 50 AD3d at 636; Ugijanin v 2 W. 45th St. Joint Venture, 43 AD3d at 913). The affidavits and deposition testimony submitted in support of the defendant's motion showed that the relationship between the plaintiff and the defendant contained all of the essential components of an employment relationship, including the right to hire and fire, the right to reprimand and discipline, the right to set hours and approve vacation time, and the right to set salary and determine raises. Furthermore, the defendant trained the plaintiff, supervised him, and directed and controlled his daily assignments. Moreover, the work being

performed by the plaintiff was in furtherance of the defendant's business, as the general employer was a trucking company whose sole purpose was to deliver to and pick up from the defendant's customers the defendant's equipment. Therefore, under the circumstances, the plaintiff's general employer surrendered control of the plaintiff to the defendant, and the defendant assumed that control and direction as special employer of the manner, details, and ultimate result of the plaintiff's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d at 557; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]; *Matter of Tunison v Richards & Son*, 257 AD2d 856, 857 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Graziano v 110 Sand Co.*, 50 AD3d at 636; *Ugijanin v 2 W. 45th St. Joint Venture*, 43 AD3d at 913; *Rotoli v Domtar, Inc.*, 229 AD2d 934, 935 [1996]). Thus, the defendant established, as a matter of law, that the plaintiff was its special employee and that it was shielded from suit by the exclusive remedy provided by the Workers' Compensation Law. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.