■ ANGEL GONZALEZ, Appellant, v ARI FLEET, LT, et al., Defendants, and SNAPPLE BEVERAGE CORP. et al., Respondents. [922 NYS2d 142]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated

December 2, 2009, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Snapple Beverage Corp. and Christopher Davis, and denied, as academic, that branch of his motion which was for summary judgment on the complaint insofar as asserted against the defendants Snapple Beverage Corp. and Christopher Davis.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured in a motor vehicle accident in the course of his employment with United Staffing Systems, Inc., which had assigned him to work, temporarily, for the defendant Snapple Beverage Corp. (hereinafter Snapple). At the time of the accident, the plaintiff was a passenger in a vehicle driven by the defendant Christopher Davis, a Snapple employee, and was assisting Davis in making deliveries.

The plaintiff thereafter commenced this action against, among others, Snapple and Davis (hereinafter together the defendants) to recover damages for personal injuries. The plaintiff moved, inter alia, for summary judgment against the defendants on the issue of liability, and the defendants, among others, cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against the defendants, on the ground that the action against the defendants was barred by the Workers' Compensation Law. The Supreme Court, inter alia, granted that branch of the cross motion which was for summary judgment on the complaint insofar as asserted against the defendants and denied, as academic, that branch of the plaintiff's motion which was for summary judgment against the defendants on the issue of liability. We affirm the order insofar as appealed from.

Workers' Compensation Law §§ 11 and 29 (6) provide that an employee who is entitled to receive compensation benefits for injuries sustained in the course of his or her employment may not sue his or her employer in an action at law for those injuries. These exclusivity provisions also have been applied to persons or entities other than the injured plaintiff's direct employer, including special employers, such that an injured person who receives workers' compensation benefits from his or her general employer is barred from maintaining a personal injury action against his or her special employer (see *Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 358-359 [2007]; *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 560 [1991]; *Dulak v Heier*, 77 AD3d 787 [2010]; *Soto v Akam Assoc., Inc.*, 61 AD3d 665 [2009]).

Although many factors are weighed in determining whether a

special employment arrangement exists, "a significant and weighty feature has emerged that focuses on who controls and directs the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558; *see Altinma v East 72nd Garage Corp.*, 54 AD3d 978, 981 [2008]; *Graziano v 110 Sand Co.*, 50 AD3d 635, 636 [2008]). Other relevant factors include the responsibility for payment of wages, the furnishing of equipment, the right to hire and discharge the worker, and whether the work being performed was in furtherance of the special employer's or the general employer's business (*see Dulak v Heier*, 77 AD3d at 787-788; *Navarrete v A & V Pasta Prods., Inc.*, 32 AD3d 1003, 1004 [2006]; *Alvarez v Cunningham Assoc., L.P.*, 21 AD3d 517, 518 [2005]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the plaintiff was Snapple's special employee. Specifically, the evidence submitted in support of the motion established that Snapple and its employees, to whom the plaintiff reported each day, directed and controlled the manner of the plaintiff's work, trained the plaintiff, gave him his assignments, set his schedule, and furnished the truck in which he was riding at the time of the accident. The evidence also demonstrated that Snapple had the right to select the plaintiff for assignment to the company, and to terminate that assignment, and that the plaintiff's work was done in furtherance of Snapple's business. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined, as a matter of law, that the plaintiff's action insofar as asserted against the defendants was barred by the Workers' Compensation Law (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]; *Navarrete v A&V Pasta Prods., Inc.*, 32 AD3d at 1004; *Graziano v 110 Sand Co.*, 50 AD3d 635 [2008]).

In light of our determination, we need not reach the plaintiff's remaining contention. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.