■ JOSEPH RUSSO, Respondent, v HUDSON VIEW GARDENS, INC., et al., Appellants. [937 NYS2d 196]—

In this action for personal injuries arising from plaintiff's use of an A-frame ladder, the Labor Law § 200 and common-law negligence claims against Midboro are not viable. The record shows that Midboro, the managing agent of the subject premises, did not directly control the method or means of plaintiff's work, or have actual or constructive notice of an unsafe condition (*see e.g. Buckley v Columbia Grammar & Preparatory*, 44 AD3d 263, 272 [2007], *lv denied* 10 NY3d 710 [2008]). Although plaintiff attributed the injury-causing accident to the instability of the ladder he was using, he admitted that he selected the ladder himself; that the ladder was owned by defendant property owner Hudson View Gardens, Inc. (Hudson); that he had used the ladder previously; and that while he knew the ladder did not have rubber bottoms on the legs to help secure it, he did not tell anyone about it. Plaintiff further failed to offer evidence that would lead to a conclusion that Midboro should have known of the condition.

The motion court properly declined to dismiss the Labor Law § 240 (1) and § 241 (6) claims. Triable issues of fact exist as to whether Midboro had the authority, pursuant to its agreement with Hudson, to supervise and control plaintiff's work for the purposes of liability under Labor Law § 240 (1) and § 241 (6) (*see Voultepsis v Gumley-Haft-Klierer, Inc.*, 60 AD3d 524, 525 [2009]; *see also Fox v Brozman-Archer Realty Servs.*, 266 AD2d 97, 98-99 [1999]).

Under the circumstances presented, we decline to search the record and reach a determination on the merits of the Labor Law § 240 (1) and § 241 (6) causes of action. Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.