Batavia City Ctr. Merchants Assn., Inc. v City of Batavia (2019 NY Slip Op 06257)





Batavia City Ctr. Merchants Assn., Inc. v City of Batavia


2019 NY Slip Op 06257


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


471 CA 18-01990

[*1]BATAVIA CITY CENTRE MERCHANTS ASSOCIATION, INC., PLAINTIFF,
v
CITY OF BATAVIA, DEFENDANT-RESPONDENT. (ACTION NO. 1.) 
CITY OF BATAVIA, PLAINTIFF-RESPONDENT,
v
BATAVIA CITY CENTRE MERCHANTS ASSOCIATION, INC., DEFENDANT. (ACTION NO. 2.) RTMS PROPERTIES LLC, NONPARTY APPELLANT. 






PHILLIPS LYTLE LLP, BUFFALO (DAVID J. MCNAMARA OF COUNSEL), FOR NONPARTY APPELLANT.
UNDERBERG & KESSLER LLP, BUFFALO (GEORGE S. VANNEST OF COUNSEL), FOR DEFENDANT-RESPONDENT AND PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Genesee County (Catherine R. Nugent Panepinto, J.), entered January 24, 2018. The judgment granted the motion of the City of Batavia for a declaration that a Settlement Agreement, Termination of Agreements and Restated Easement Agreement are binding and enforceable on nonparty appellant RTMS Properties LLC. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law with costs, the motion is dismissed, and the declaration is vacated.
Memorandum: Nonparty appellant RTMS Properties LLC appeals from a judgment that granted the motion of defendant-plaintiff City of Batavia (City) for, in effect, a declaration that a proposed settlement agreement was binding and enforceable against appellant notwithstanding appellant's refusal to approve such agreement. We now reverse the judgment, dismiss the City's motion, and vacate the declaration.
Appellant is not and has never been a party to either of the instant actions between the City and plaintiff-defendant Batavia City Centre Merchants Association, Inc. Moreover, the City never filed a supplemental summons and amended verified complaint against appellant, nor did it obtain either leave of court or a proper stipulation to add appellant as a party. Thus, the City's motion by order to show cause for a declaration against appellant was "ineffective either to join the appellant[] to [either] pending action or to commence a new action against [it]" (Monks v Pandolfi, 274 AD2d 381, 381 [2d Dept 2000]; see CPLR 305 [a]; CPLR 1003; Crook v E.I. du Pont de Nemours Co. [appeal No. 2], 181 AD2d 1039, 1039-1040 [4th Dept 1992], affd for reasons stated 81 NY2d 807 [1993]; Benn v Losquadro Ice Co., Inc., 65 AD3d 655, 656 [2d Dept 2009]).
Contrary to the City's contention, the record is devoid of any evidence that appellant ever engaged in settlement negotiations on its own behalf in connection with either action. In any [*2]event, even had appellant engaged in settlement negotiations, such efforts would not have constituted an appearance that would have waived any waivable jurisdictional objections to the City's improper method of seeking relief against appellant (see R. L. C. Invs. v Zabski, 109 AD2d 1053, 1053 [4th Dept 1985]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court