Durstenberg v Electrolux Home Prods., Inc. (2020 NY Slip Op 01562)





Durstenberg v Electrolux Home Prods., Inc.


2020 NY Slip Op 01562


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11214 157809/15

[*1] Paul Durstenberg, Plaintiff-Respondent, Hermitage Insurance Company as Subrogee of Paul Durstenberg, et al., Plaintiffs,
v
Electrolux Home Products, Inc., et al., Defendants, A.J. Richard & Sons, Inc., et al., Defendants-Appellants.


Chesney, Nicholas & Brower, LLP, Syosset (Jeffrey M. Burkhoff of counsel), for appellants.
Landy Wolf, PLLC, New York (David A. Wolf of counsel), for respondent.



Order, Supreme Court, New York County (James E. D'Auguste, J.), entered January 8, 2019, which, inter alia, denied the motion of defendants A.J. Richard & Sons, Inc., P.C., P.C. Richard & Son, LLC and P.C. Richard & Son Long Island Corp. (collectively P.C. Richard) to dismiss the causes of action against them sounding in strict liability, negligence, and negligent infliction of emotional distress, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against the P.C. Richard defendants.
Plaintiff, Paul Durstenberg, commenced this action for personal injuries sustained as a result of a refrigerator catching fire on December 12, 2012. The refrigerator was manufactured by Electrolux and sold to plaintiff by P.C. Richard. Plaintiff commenced an action against Electrolux in October 2015, and Electrolux had the action removed to federal court. On December 8, 2015, plaintiff moved for leave to amend the complaint to add P.C. Richard as defendants and remand the action to state court. On February 23, 2016, plaintiff's application was granted, and on February 29, 2016, plaintiff filed an amended complaint. Thereafter, plaintiff filed a supplemental summons on March 18, 2016.
Under these circumstances, plaintiff's claims sounding in strict liability, negligence and negligent infliction of emotional distress were interposed against P.C. Richard on March 18, 2016, at the earliest (CPLR 305; Long v Sowande, 27 AD3d 247, 248 [1st Dept 2006]; Benn v Losquadro Ice Co., Inc., 65 AD3d 655, 656 [2d Dept 2009]), and thus, the claims are time-barred (CPLR 214). Plaintiff's arguments that the federal court order granting him leave to amend the complaint to add P.C. Richard and to remand the case to state court overrode the statute of limitations, that the CPLR does not provide a deadline for the filing of a supplemental summons, and that his failure to timely file a supplemental summons was caused by the fact that the state court docket was marked inactive, are unavailing.
Plaintiff also failed to show that his causes of action against P.C. Richard related back to any timely claims (see Buran v Coupal, 87 NY2d 173, 178 [1995]), since he did not establish that P.C. Richard was wholly united in interest with the Electrolux defendants. Although Electrolux's and P.C. Richard's defenses to the strict liability causes of action would likely rise and fall together, as manufacturer and retailer, their defenses to the remaining claims for negligence and negligent infliction of emotional distress would likely be different. Furthermore, [*2]plaintiff failed to explain why he did not name P.C. Richard in his initial complaint despite the fact that he knew that he purchased the refrigerator from it (Buran at 181), and plaintiff's arguments regarding notice are also not persuasive (see Parker v Mach, 61 NY2d 114, 118-119 [1984]; Garcia v New York-Presbyt. Hosp., 114 AD3d 615, 616 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK